## Mary Electa Cort, Appellee, v. Laura A. Massie, Executor of the last will of Nancy A. Massie, deceased, Appellant.

1. APPEARANCE—*jurisdiction acquired over legatee appearing and moving to vacate order of distribution.* Where it is ordered that an executrix pay legacies and that the owner of a life estate in a legacy shall give a bond to protect the remainder-man, and it does not appear that notice was given in accordance with the Administration Act, R. S. ch. 3, Sec. 112, on the subsequent appearance of the legatee, it will be presumed that the County Court has jurisdiction over her, and a motion to vacate the order as to the bond will give the court full jurisdiction over her person.

2. EXECUTORS AND ADMINISTRATORS—*when appeal from County Court gives Circuit Court jurisdiction.* Where notice as provided in the Administration Act, R. S. v. 3, Sec. 112, is not given the owner of a life estate in a legacy of a final order of distribution that requires her to give bond to protect the remainder-man, an appeal from the order of the County Court refusing to vacate the order gives the Circuit Court jurisdiction over her and the subject of the appeal.

3. EXECUTORS AND ADMINISTRATORS—*what matters considered on appeal from distributive order.* Where an order, showing the final report of an executrix, orders payment of legacies and that the owner of a life estate in a legacy shall give bond to protect the remainder-man, the order as to the bond is so connected with the order as to payment that, on an appeal from a refusal to vacate the order as to the bond, the rights of the legatee concerning the legacy may be considered.

4. EXECUTORS AND ADMINISTRATORS—*propriety of judgment on appeal to Circuit Court.* On an appeal to the Circuit Court by a legatee from an order showing a final account, directing payment of legacies and requiring the legatee to give bond to protect a remainder-man, it is error for the court to reverse the order as if it were a court of review, and it should render a final judgment directing payment of the legacy on terms that will protect the remainder-man.

5. COURTS—*practice on appeals to Circuit Court.* The practice on appeals from the Probate Court in matters of administration of estates to the Circuit Court is the same as on appeals from justices of the peace to the Circuit Court.

6. WILLS—*when bond must be given to protect remainder-man.* Where a legacy is bequeathed to a non-resident for her life, on motion of the remainder-man the County Court should require the

legatee to give a bond to the remainder-man for its payment at her death.

7. WILLS—*construction of bequest.* On a bequest of the balance of a testator's personal estate "to have, use and enjoy for and during her natural life" with a remainder over, the legatee is only entitled to the use of the legacy for her life.

Appeal from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed March 15, 1912.

**Statement by the Court.** Nancy A. Massie, by her will probated in the County Court of Hancock county, October 24, 1908, provided in the seventh clause as follows: "Of the balance of my personal estate I give, devise and bequeath the one-half thereof to my sister, Mary Electa Cort, to have, use and enjoy for and during her natural life with remainder at her death to Virgil C. Massie or her heirs at law." The ninth clause of the will provides: "For the purpose of avoiding litigation or contention among the heirs and legatees concerning the provisions of this will, I direct that any controversy over the meaning or effect of the provisions of this will, shall be settled and governed by the construction of my executrix hereinafter named, and her decision of such matter shall be final."

Laura A. Massie was appointed executrix by the will and qualified. On November 24, 1908, the County Court set December 20, 1909, as the time for the executrix to appear and make her final report. On December 20, 1909, she filed her final report, giving in detail the property that came into her hands, and showing that all debts had been paid, and the amount she had in her hands for the several legatees, among which is the statement that there is due Electa Cort to have, use and enjoy for and during her natural life with remainder at her death to Virgil C. Massie, or her heirs at law as directed under paragraph seven of the last will and testament of said deceased, the sum of $1,033.46.

Virgil C. Massie was present at the final settlement of the estate and insisted that he, as remainder-man, should be protected, and that as he would be entitled to the $1,033.46 after the death of Mary Electa Cort, that said money should not be paid over to her without some provision to protect said fund, so that upon her death he would have the benefit of it. On December 20, 1909, the County Court entered an order showing the submission of the final report, that the executrix had in all things administered said estate according to law, that all debts were paid, that a certain amount remained in her hands for distribution and that the amount due each legatee is properly computed. Then follows a paragraph ordering that the executrix pay to the legatees therein in accordance with the provisions of the will the legacies found due them as shown by the report. Succeeding that paragraph is the following: "It is further ordered by the court that as to the amount of the legacy due to Mary Electa Cort under the seventh clause of the last will and testament of said deceased to-wit the sum of $1,033.46; that before said executrix pay to her the amount of said legacy that said Mary Electa Cort shall enter into and deliver to the executrix a good and sufficient bond with good and sufficient sureties to be approved by the court, which said bond shall be payable to the people of the State of Illinois for the use of Virgil C. Massie and the same shall be filed and recorded in the office of the clerk of this court, which said bond shall be conditioned that the said Mary Electa Cort shall properly and safely use and enjoy said legacy of $1,033.46 for and during her natural life, and that at her death said sum of $1,033.46 will be paid to Virgil C. Massie the residuary legatee under said paragraph seven of said will."

At the April term of the County Court, Mary Electa Cort filed a motion asking that the paragraph of the order relating to her giving a bond be vacated. The

court heard evidence in open court and overruled the motion. Mary Electa Cort appealed from the order overruling her motion to the Circuit Court. On the hearing in the Circuit Court the only evidence offered on the part of Mary Electa Cort were the original records and papers contained in the transcript which it was agreed were correctly set forth. On the part of the executrix, Virgil C. Massie testified that he was present in the County Court, and insisted that the County Court protect his interest in the legacy. The executrix also offered in evidence her notice of final settlement, with an affidavit that the same had been posted at certain public places and a copy mailed to each of the heirs and legatees, Mary Electa Cort being named among them, but there was no order offered in evidence showing that the County Court had directed what notice should be given.

The Circuit Court entered an order finding that on December 20, 1909, the County Court was without jurisdiction of the person of Mary Electa Cort, the appellee, and that the court erred in overruling the motion to vacate the paragraph of the order relating to the giving of a bond, that the court should have vacated that paragraph and "said motion is now here sustained by this court and the order of the said County Court overruling the said motion is now here in this court set aside and reversed. It is therefore, considered, ordered, adjudged and decreed that the said last paragraph of the said order be vacated, annulled, set aside and for naught held and the same is so vacated accordingly." This appeal is prosecuted from the order of the Circuit Court.

S. P. LEMMON and O'HARRA, O'HARRA, WOOD & WALKER, for appellant.

W. B. SHEETS and SCOFIELD & CALIFF, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellant insists that it was immaterial whether the County Court had jurisdiction of the person of appellee at the time the court made the order of distribution and the order that appellee give a bond, for the reason that by afterwards appearing in the County Court and moving to vacate that part of the order for a bond and making no objection to the remainder of the order concerning the report, the court thereby acquired jurisdiction of appellee. She also contends that by inserting in her report that there was due "Electa Cort to have, use and enjoy for and during her natural life with remainder at her death to Virgil C. Massie or his heirs at law," she exercised the power given to her by the ninth clause of the will to make final decision as to the meaning and effect of the provisions of the will, and that appellee, having entered her appearance in the County Court and made no objection to the final report, is bound thereby. Appellant further insists it was her duty as executrix to require a bond and to see that the remainder-man was protected. Appellee contends that the use of the word "have" in the seventh clause indicates that possession was to accompany the use and enjoyment of the fund; and that no express trust having been created and no evidence of non-residence or insolvency adduced and no bond required by the will no bond could be required by the court.

The statute, section 112, chapter 3, title, administrators, provides: "that no final settlement shall be made and approved by the court unless the heirs of the decedent have been notified thereof in such manner as the court may direct." While there is no evidence in the record either that there was or was not any special order of the County Court directing what notice should be given the heirs and legatees or any general order in that regard, yet it is not necessary to

consider the question as to whether the County Court being a court of general jurisdiction in the matter of estates, the presumption will prevail that it had jurisdiction over the person of Mary Electa Cort, for the reason that she subsequently entered her appearance. By making the motion to vacate so much of the order as required her to give bond, before the legacy should be paid to her, she gave the court full jurisdiction over her person, and the court had unquestioned jurisdiction over the subject-matter. Her appeal, from the order of the County Court refusing to vacate that part of the order requiring her to give bond, gave the Circuit Court jurisdiction over her and the subject of the appeal. The order that she should give a bond for the repayment of the legacy at her death to the remainder-man is so connected with the order that the executrix pay the legacy to her that the appeal from the order that she give bond involved her right to and the entire order concerning the legacy.

The Circuit Court did not render a final judgment, but vacated the last paragraph of the order and set aside and reversed the order of the County Court refusing to vacate that part of the order concerning the bond. The judgment of the Circuit Court was improper for the reason it reverses and vacates the order of the Probate Court as if the Circuit Court were a court of review, exercising functions similar to those of the Supreme or Appellate Courts. Pavlicek v. Roessler, 222 Ill. 83.

The trial was *de novo*. The practice on appeals from the Probate Court to the Circuit Court is the same as on appeals from justices of the peace to the Circuit Court. There being no question raised as to the accuracy of the account, the Circuit Court should have rendered a final judgment directing the payment of the legacy to the legatee on such terms and conditions as would protect the remainder-man and carry out the terms of the will. The record shows the lega-

tee Mary Electa Cort is a non-resident of Illinois, her residence being in Missouri as appears from the bond executed by her on her appeal.

The terms of the will only give to Mary Electa Cort the use of the legacy for her life. Trogdon v. Murphy, 85 Ill. 119; Dickinson v. Griggsville Nat. Bank, 209 Ill. 355. While the testatrix did not by her will require that the life tenant should give a bond, yet when the remainder-man asked that he be protected and it appeared in any way that the legacy of which appellee had the use for her life was about to be taken out of the state, the court should have required her to give a bond for its payment to the remainder-man at her death. The case is reversed and remanded with instructions to the Circuit Court to enter such an order as will secure to the life tenant the use of the legacy and also secure to the remainder-man the payment of the legacy, after the death of the life tenant.

*Reversed and remanded with directions.*