MINA LORENZ, Appellant, vs. HERMAN WELLER et al.
Appellees.

*Opinion filed February 17, 1915—Rehearing denied April 7, 1915.*

1. TRUSTS—*what question is immaterial upon hearing of first report of testamentary trustees.* Where the question raised on the hearing of the first report of testamentary trustees is whether the *cestui que trust* has elected or will elect to take a life estate, under the will, in lands previously conveyed to her, the questions as to what effect such election has had or will have with reference to contingent remainders created by the will, or whether they have been destroyed, are not material and are properly excluded from consideration by the court.

2. SAME—*when a court of equity has power to require beneficiary to elect as between deed and will.* Where it appears from objections filed to the first report of testamentary trustees that the beneficiary is claiming both under the will creating the trust and under a prior deed conveying a part of the lands involved to the beneficiary, a court of equity, at the instance and for the protection and guidance of the trustees, has power to require the beneficiary to elect as between the will and the deed.

3. SAME—*what amounts to election to take under will.* Where the testator's grand-daughter, who is given a life estate by will in a large body of land, a portion of which she already owns in fee under a prior deed, deals with the subject of the devise and attempts to raise her interest from a life estate to a fee by a conveyance to her attorney intended to destroy a contingent remainder created in such land by the will, she must be regarded as having elected to take under the will.

4. SAME—*when portion of trust estate is not subject to inheritance tax.* Where a devise of a life estate in trust includes a tract of land the testator does not own but has conveyed many years before by a deed under which the beneficial devisee already owns the fee, it is improper, in computing the inheritance tax upon the trust estate, to include the land the testator did not own.

5. SAME—*when testamentary trustees are chargeable with erroneous payment of inheritance tax.* Where testamentary trustees know that a portion of the trust estate created by the will has been conveyed by the testator by a deed executed many years before but make no disclosure of the existence of the deed to the appraiser, and permit the inheritance tax assessed against the life estate of the infant beneficiary to be computed upon the basis of the entire trust estate, they are chargeable with the portion of such tax re-

sulting from the failure to exclude the lands conveyed when appraising the life estate and fixing the tax.

6. SAME—*trustees appointed by the will will not be removed because of their relationship to contingent remainder-men.* Trustees appointed by the testator himself will not be removed by the court at the instance of the *cestui que trust,* who is a life tenant, because of their relationship to the contingent remainder-men, even though the court itself would not have appointed them as trustees or successors in trust had they not been appointed by the will. (*Yates* v. *Yates,* 255 Ill. 66, distinguished.)

7. SAME—*when testamentary trustee will not be removed because relations between him and beneficiary are not friendly.* A trustee appointed by the will will not be removed by the court merely because he is not on friendly terms with the *cestui que trust* or her father, where it does not appear that the relations are such as to interfere with the beneficial administration of the trust and there is no complaint that the management of the estate has not been frugal, honest or beneficial.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

BEACH & TRAPP, for appellant.

KING & MILLER, and McCORMICK & MURPHY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court, of Logan county finding that the appellant, Mina Lorenz, had made an election to take a devise under the last will and testament of George Weller, deceased, refusing to remove the testamentary trustees, and approving the current report of such trustees.

George Weller died March 30, 1910, leaving the appellant, his grand-daughter, as his only descendant and only heir-at-law. Appellant is the daughter of Henry and Katherine Lorenz, her mother being a daughter of said George Weller. Katherine Lorenz died on October 15, 1905, and Lillie Lorenz, another daughter of Henry and Katherine

Lorenz, died on November 29, 1909. On January 4, 1898, George Weller by warranty deed conveyed to Henry Lorenz 160 acres of land in Logan county for and during his natural life, with the remainder in fee to the child or children of Katherine Lorenz. This deed contained a provision reserving to the grantor the possession, use and occupation of the land conveyed during his lifetime, and providing that if his daughter Katherine should be living at the time of his death she should have the possession, use and occupation of the same during the period of her natural life, thus postponing the vesting of possession in Henry Lorenz until the death of both the grantor and Katherine Lorenz. Katherine having pre-deceased her father, Henry Lorenz became vested with the possession of the land conveyed upon the death of George Weller, on March 30, 1910. Lillie Lorenz having died, after the decease of her mother the fee in remainder of this land vested one-third in Henry Lorenz and two-thirds in appellant.

George Weller died testate, his will having been executed February 10, 1909. By the sixth clause of his will he devised to appellant and Lillie Lorenz, for life, 480 acres of land in Logan county, therein particularly described. This devise included the 160 acres which had been conveyed by said deed of January 4, 1898. These lands were devised to appellant and Lillie Lorenz, and to the survivor of them, for and during the period of their natural lives, with remainder over in fee simple to the child or children and lineal descendants of appellant and Lillie Lorenz, and in case of the death of appellant and Lillie Lorenz leaving them surviving no child or children or descendants, then to the children and lineal descendants of John Weller, a deceased brother of the testator. By said clause it was further provided that the executors thereinafter named should retain the possession and control of the real estate therein devised for appellant and Lillie Lorenz, and should demise, rent, and collect the rents, issues and profits of said real

estate, and out of the same pay the taxes, insurance and other expenses until Lillie Lorenz should attain the age of twenty-five years, and that they should pay over such rents, issues and profits, less expenses, to the appellant and Lillie Lorenz, and the survivor of them, after they should respectively attain the age of eighteen years and until Lillie Lorenz should attain the age of twenty-five years. The will also contained a residuary clause, in and by which the testator devised and bequeathed all the residue and remainder of his estate not thereinbefore disposed of, to the said children of his brother John. Herman Weller, one of the children of said John Weller, and Jacob E. Kiick, whose wife was also a child of said John Weller, were appointed executors of the will without bond. The estate left by George Weller was large, and a considerable portion of it was devised and bequeathed to the children of his brother John, who were also his own step-children, aside from the contingent fee given them in the 480 acres devised by the sixth clause.

In August, 1910, the inheritance tax to be paid out of the various devises and bequests was fixed. From the report of the appraiser and the order of the county judge fixing the inheritance tax to be paid from the estate devised to appellant it appears that the amount was determined without any regard to the deed of January 4, 1898. The appraiser fixed the full value of the 480 acres at $200 per acre, or $96,000, and the cash value of the life estate of appellant in the same at $79,392, and fixed the tax to be paid at $593.92. At the time of this hearing appellant was sixteen years of age, and was not represented except by the testamentary trustees and by a special guardian appointed by the county judge. The amount of inheritance tax thus fixed was paid by the trustees to the county treasurer on September 22, 1910. On the tenth day of June, 1912, the trustees filed their first report in the circuit court of Logan county, in which they took credit for this item,

asking to have the report approved and to have their compensation and a reasonable fee for their attorneys fixed by the court. Appellant, who had attained the age of her majority on June 6, 1910, filed objections to this report, in which she set forth that she was the owner in fee simple, subject to the life estate of Henry Lorenz, of the 160 acres conveyed by the deed of January 4, 1898, and that she acquired title thereto by virtue of that deed; that she had received certain other lands by devise under the will of George Weller; that by said will her grandfather had also devised to her the lands conveyed by said deed, which, however, were not owned by him; that the said trustees, in violation of their duty, permitted an inheritance tax to be levied upon the lands held by them as trustees, and also upon the lands conveyed to her by said deed which they did not hold as trustees; that the said conveyance from George Weller had been made and recorded more than twelve years before his death and was not made in contemplation of death, and that the real estate thereby conveyed was not subject to an inheritance tax; that the trustees improperly and wrongfully paid the tax so fixed and are not entitled to credit for the same. The trustees thereupon filed what they denominate a supplemental report, but which is, in fact, in the nature of a petition. In this petition they allege that until the filing of the objections by appellant to the approval of their report they were not advised that she would elect to take title to any part of the lands devised to her by the sixth clause of the will of George Weller under any other instrument or deed of conveyance, and never had been notified that she had elected to take title to the 160 acres of land therein described under the deed of January 4, 1898. After alleging that the estate of George Weller had been fully settled and the executors discharged, the trustees then set out fully the estate which appellant would take if she elected to take under the deed and not under the will and the estate which she would receive should she

elect to take under the will, showing minutely the relative values of such estates. The prayer of the petition was that appellant be required to elect, in equity, whether she would take title to the lands described in the deed under that instrument, or take such lands, together with the other lands devised to her for life, under the will of George Weller, and that upon such election the court would direct them in the execution of their trust. To this petition were appended, as exhibits, a copy of the deed of January 4, 1898, a copy of the last will and testament of George Weller, and various other exhibits.

Appellant filed an answer to the petition, in which she recited the filing of the report of June 10, 1912, and her objections thereto, and the filing of the supplemental report or petition. The answer then avers that by seeking to require appellant to elect, and in the event of her declining to do so seeking sequestration of her estate in order to make compensation to the said children of John Weller, the trustees have taken a position in conflict with their duties as such trustees, and should therefore be removed and some proper person or persons be appointed in their stead, and that the said children of John Weller are necessary parties to the proceeding and should be brought into court. Exceptions were filed to the following among other portions of the answer, all of which were sustained and the portions excepted to were ordered expunged: That at the time of the death of George Weller appellant was fifteen years of age with an expectancy of thirty-six years, and the full value of her life estate in said 160 acres as fixed by the appraiser for said inheritance tax was the sum of $26,464, so that by reason of said conveyance, her father being but thirty-seven years of age, she receives less than one-half of the amount George Weller intended she should receive in said 160 acres; that appellant cannot be required to elect, because there is, in fact, a failure of devise to her, and under the facts she would lose $16,000 which the testator in-

tended she should have; that the children of John Weller have but a contingent interest in the real estate devised by said will to appellant, and to defeat the vesting of the contingent remainder in the premises devised by the said sixth clause of the will, the appellant, as life tenant of the lands therein devised and as sole heir-at-law of George Weller, by her warranty deed of October 25, 1913, duly executed, acknowledged and delivered, conveyed the said premises in said will devised to her to Timothy T. Beach, which deed was filed for record October 27, 1913; that in and by said deed it was expressly recited that it was the meaning and intent of the grantor to convey to the grantee all the present estate which the grantor had therein, and also all reversion and right of reversion and right of reverter which was vested in the grantor as the sole heir-at-law of George Weller, so that the present estate and the reversion should merge, and thereby any future contingent interest and estate in the said premises, or any part thereof, created by or under the will of the said George Weller be destroyed; that the said Timothy T. Beach and wife thereafter, on October 27, 1913, conveyed to appellant, by proper deed of conveyance, all the said real estate theretofore conveyed to Beach on October 25, and that by reason of such conveyance the contingent remainder in said premises was destroyed and the said children of John Weller from thenceforward had, and now have, no interest of any kind or character in said premises, and no compensation can now, or at any time hereafter, be claimed by them, or any of them, or anyone through them, by reason of any pretended election. These averments were variously excepted to as being insufficient, impertinent, not responsive, and as stating conclusions of law and fact.

Appellant also filed what is referred to as a cross-bill but which is in the nature of a cross-petition. She therein alleged substantially the same matters as are contained in the answer, and the said children of John Weller were

also made defendants. The cross-petition concludes with a prayer for the removal of the trustees, and that title may be quieted as against the claims of Mary Kiick, Herman Weller, Christian Weller and Charles Weller, the children of said John Weller. The trustees filed special and general demurrers to the cross-petition. The children of John Weller also filed a special demurrer to the cross-petition. The special demurrer of the trustees challenged the sufficiency of substantially the same allegations of the cross-petition as those contained in the answer and expunged therefrom on exceptions, as above stated. The court sustained the special demurrers and overruled the general demurrer of the trustees.

Upon the hearing a decree was entered, which, after reciting the action of the court with reference to the exceptions to the answer and the various demurrers, found that the evidence was not sufficient to require the removal of the trustees, held that the act of appellant in conveying all her interest in the lands devised to her by the will of George Weller to Timothy T. Beach duly evidenced her intention to elect to take the estate devised to her for life by said will, overruled the objections to the report of the trustees and approved the said report. The decree further fixed the compensation of the trustees and allowed them an attorney's fee.

While the action of the court in allowing fees and compensation is assigned as error, no reference is made to it in the brief or argument of appellant and we have deemed those points as waived.

The contentions of appellant are that the court erred (1) in holding that she had elected between the deed and the will of George Weller; (2) in approving the report of the trustees; and (3) in refusing to remove the testamentary trustees.

Counsel on each side have devoted practically the whole of their argument to the question whether the reversion in

the lands devised in said sixth clause of· the will descended
to appellant, as the sole heir-at-law of· the testator, pending
the happening of the contingencies or passed to the children
of John Weller under the residuary clause, and whether the
deed from appellant to Timothy T. Beach therefore oper-
ated to prematurely destroy the contingent remainders pro-
vided for by· the will of George Weller.    This matter was
attempted to be injected into the proceedings by the answer
and cross-petition of appellant, but no decision was had in
the trial court on this question, as the part of the answer
relating to this· matter was expunged upon exceptions and
a special demurrer to the cross-petition challenging its suf-
ficiency in this particular was sustained.    There was no
finding or order in the decree in reference to the attempted
destruction of the contingent remainders and that question
was not adjudicated.    The action of the court in sustaining
the exceptions to the answer and the special demurrers to
the cross-petition was proper, as the portions of the answer
·and cross-petition excepted to and demurred to were imper-
tinent and not germane to the matters involved.    Whether
appellant had succeeded in ·prematurely destroying the con-
tingent remainders created by the· will of her grandfather
had· no bearing whatever on the matters at issue, and how-
ever·· desirable it might be to the parties to secure an ad-
judication of this question, the court properly excluded it
from consideration.    This litigation arose upon the submis-
sion of the first current report of the trustees for approval.
The objections. of appellant indicated that she was claiming
both under the deed of January 4, 1898, and under the will.
The only purpose the trustees could have had in asking that
she be required to elect under those circumstances was for
their future guidance and to govern them in their dealings
with the trust estate.    While it became important in the
administration of the trust to know whether appellant had
elected or would elect to take under the will of her grand-
father, it was immaterial, so far as the administration of

the trust was concerned, what effect such election had or would have upon the contingent remainders, or whether the contingent remainders created by the will had been destroyed and the interest of appellant increased from that of a life estate to an estate in fee.

Appellant contends that a court of equity has no right or power to require her to elect as between the deed and the will because there is neither a plurality of gifts nor a disappointed donee whose loss can be compensated out of a gift to appellant. The necessity had clearly arisen here for the making of an election in order that the trustees might properly administer the trust. By the provisions of the will they were required to pay over to appellant, annually, the net income or proceeds from the trust property after she became eighteen years of age. When appellant had arrived at that age the trustees presented their report to the court showing a considerable sum in their hands for payment to her under the provisions of the will. By her objections to this report it appeared that she was claiming both under the will and under the deed. It became a matter of the utmost importance to the trustees to know whether she would elect to take under the will. Upon the result of such an election depended whether they should pay the balance in their hands as trustees to appellant, and also whether, in fact, the trust itself had terminated. There can be no doubt of the power of a court of equity, under such circumstances, to require the devisee to elect. As to whether the act of appellant in making the conveyance to Timothy T. Beach and of accepting a re-conveyance from him of all the lands devised to her by the will of her grandfather constituted an election to take under the will there can be no question. Where a party has notice that he is bound to elect to take under or against a will and deals with the property given him by the will as his own, it is clearly an act of election to take the property under the will. The court did not err in holding that appellant had

elected to take under the will of George Weller and not under the deed of January 4, 1898.

The election of appellant to take under the will did not necessarily have the result of justifying the act of the trustees in paying an inheritance tax out of the whole of the lands attempted to be devised to appellant for life by the will of her grandfather. George Weller did not own the 160 acres which he conveyed by the deed of January 4, 1898, at the time of his death. He could not devise or pass the title to any part of that land. He did have the right or power to offer appellant a life estate in 320 acres provided she would accept a life estate in her own 160 acres and permit the remainder of the whole to go to her children or to the children of John Weller at her death, and this he did do by his will. The 160 acres conveyed by the said deed was no part of the estate of George Weller and was not subject to any inheritance tax as a part of the estate which passed by his will. Whether or not the conveyance of January 4, 1898, was made under such circumstances and conditions as would require the payment of an inheritance tax is not presented by this record. It appears that the inheritance tax upon this land was fixed upon the theory that it conveyed to appellant an immediate life estate under and by virtue of the last will and testament of George Weller. The Inheritance Tax act provides that a tax shall be imposed upon the transfer of any property when the transfer is made by will or by the intestate laws of this State from any person dying seized or possessed of the property while a resident of the State. George Weller died a resident of Illinois, but he was not seized or possessed of the property which he had conveyed by the deed of January 4, 1898. The title to that property passed from him by virtue of that deed and it was no part of his estate, and was therefore not subject to an inheritance tax as a part of his estate which passed by his will. It was erroneous to require the payment of an inheritance tax by

reason of this pretended transfer under the will of George Weller.

The question then remains whether the trustees are properly chargeable with the erroneous payment of this tax, which was one-third of the whole amount of inheritance tax paid by them and for which they ask credit. It appears that Herman Weller, one of the trustees, was present at the time of the hearing before the appraiser on the question of the fixing of the inheritance tax in the estate of George Weller and that he testified in reference to the matters involved. He now admits that at that time he knew of the deed of January 4, 1898, although he says he was not advised as to its legal effect. He knew, however, that George Weller had executed a deed to this 160 acres of land to Henry Lorenz and that Henry Lorenz was living upon the land at the time of the hearing before the appraiser. He testifies that although he knew this deed had been executed he did not call that fact to the attention of the appraiser, or say anything to the special guardian appointed for appellant or to anyone else concerning it. It became the duty of the trustees, under the Inheritance Tax act, to inform the county treasurer of the fact that the real estate devised by the will of George Weller had passed to them in trust for appellant, in order that the inheritance tax might be fixed. As trustees they were required to pay this tax and were made personally liable for its payment, with interest, and they were empowered, if necessary, to sell so much of the property devised as would enable them to pay the tax. It devolved upon the trustees to see that this tax was not only properly assessed but was immediately paid, and they owed it to their infant *cestui que trust* to disclose to the appraiser or to the court all knowledge they had which would have any bearing upon the amount of tax which should be fixed. By the negligence of the trustees and their failure to inform anyone of the conveyance of January 4, 1898, of which they had actual knowledge, an in-

267 – 16

heritance tax was fixed on lands which were not owned by George Weller at the time of his death, and the same is not properly payable out of the trust funds. The trustees are not entitled to credit for one-third of the inheritance tax paid, and the court erred in not sustaining the objections of appellant to that item.

In support of her contention that the court erred in refusing to remove the trustees, appellant urges that they are improper persons to serve in this capacity, for the reason that Herman Weller and Mary Kiick, the wife of Jacob E. Kiick, are contingent remainder-men, and she relies upon *Yates* v. *Yates,* 255 Ill. 66, and similar cases, which hold that contingent remainder-men should not ordinarily be appointed as trustees of the lands in which such remainder exists, and that where such appointment is made and it is opposed by the *cestuis que trustent* who are life tenants, they should be removed by a court of equity upon proper proceedings being instituted. In the *Yates case* the trustee, who was a contingent remainder-man, was not appointed by the will but was appointed by the original trustee under a provision of the will authorizing him to appoint as his successor some suitable person to execute the trust. The holding in the *Yates case* is correct but it has no application to the situation here. There the court was dealing with the question whether one who had been appointed as a successor in trust under a power to appoint a suitable person as such successor should be removed by reason of his relationship to the property, while here appellant is asking the court to remove the trustees appointed by the will. It does not necessarily follow that because a court of equity would not, under given circumstances and conditions, appoint certain persons to execute a trust created by a will, that the testator himself could not make a valid appointment of such persons under the same conditions. The desires of a testator in the appointment of a trustee will be observed although he may see fit to appoint a person whose relation-

ship to the estate is such that a court of equity would not appoint him if the appointment was to be made by the court.

Appellant further contends that the trustees should be removed because of the feeling of animosity they admitted and displayed towards her. On the hearing Herman Weller testified that the relations between himself and Henry Lorenz and appellant had not been friendly; that the trustees did not consult appellant or her father as to any of their acts in the execution of the trust; that he did not know how long he had been on unfriendly terms with appellant's family; that it was impossible to be friendly with them, and that he had never known appellant when he could be friendly with her. This is the only testimony on this subject. It does not appear that appellant has ever made an effort to consult with the trustees in regard to the execution of the trust or upon any matters relating thereto, or that they have refused or declined to consult with her or carry out her wishes so far as the same would be compatible with their duties. While it is true that in many cases it has been said that where the ill-feeling between trustees or between the trustees and the *cestui que trust* has become so bitter as to prevent beneficial co-operation in the administration of the trust, the trustee or trustees offending will be removed, that situation does not exist here. While Herman Weller admits he is not on friendly terms with appellant or her father, it does not appear that the relations are such as to interfere with the beneficial administration of the trust. No complaint is made that the management of the estate by the trustees has not been frugal, honest or beneficial.

Appellant complains that one-third of the receipts during the time covered by the two reports filed by the trustees has been paid out for expenses, exclusive of commissions and attorney's fees, argues that this is too large a proportion to put back on the lands in the way of betterments, and

insists that it indicates an improper administration of the trust. She does not point out any particular item as having been improperly expended, and no attempt was made upon the hearing to show that unnecessary expenses had been incurred in the way of improving the property.

From a careful consideration of the record we find no basis for the contention that the court erred in refusing to remove the trustees.

The decree of the circuit court in so far as it approved the item paid out for inheritance tax is reversed. In all other respects it is affirmed, and the cause is remanded to the circuit court, with directions to sustain the objection to the item paid for inheritance tax.

*Reversed in part and remanded, with directions.*