## Sophia A. Jones, Appellee, v. John E. Bryant and Charles F. Bryant, Appellants.

1. APPEAL AND ERROR, § 742*—*when original bill part of record on appeal from decree on cross-bill.* Where appeal was filed from a decree on a cross-bill, rendered on demurrer thereto, the complainant standing on the demurrer, *held* that the original bill was properly incorporated in the record, as the court in passing on the demurrer must consider the bills together for the reason that the cross-bill must be germane to and an auxiliary of the original bill and pray for affirmative relief concerning matters in litigation under the original bill.

2. EQUITY, § 493*—*when cross-bill necessary.* If a defendant relies on the equities of his case for anything beyond a defense, in a suit in equity, and seeks affirmative relief, he must file a cross-bill asking for such relief.

3. EQUITY, § 194*—*when cross-bill sufficient.* Where an original bill filed by certain heirs of a testate decedent asked only that the testamentary appointment of a certain trustee be confirmed, and a cross-bill was filed seeking the appointment of another person as trustee, based upon allegations of facts not alleged in the original bill, *held* that the relief sought by the cross-bill was not merely incidental to that sought by the original bill, and the facts alleged therein were not only a defense to part of the relief sought by the original bill but called for affirmative relief based upon facts not alleged in the original bill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIV 39

4. TRUSTS, § 125*—*when testamentary trustee may be removed.* A trustee appointed by will may be removed where the relations between the trustee and the *cestui que trust* are such as to interfere with the beneficial administration of the trust.

5. TRUSTS, § 125*—*power of courts to remove trustees.* A court of equity has power to remove a trustee for sufficient reason, but that power should be exercised sparingly when the appointment is by a will.

6. WILLS, § 363*—*when will not construed as authorizing devisee to have possession and management of property.* The fact that a will directed that a certain party should receive the part of the estate of which such party had the life use, over and above the value of the residence included in such person's interest, *held* to not necessarily mean that such party should have the possession and the management of it.

7. PARTIES—*division of.* Parties to actions are divided into necessary or indispensable parties and proper but not indispensable parties.

8. PARTIES—*who are necessary.* Necessary parties are those without whom the court will not proceed to a decree even as to the parties before it.

9. EQUITY, § 97*—*when devisees necessary parties to suit to determine question of value of property.* Where a will directed that a certain party should have a certain residence property and that same should be charged at its market value against such party's gross share in the estate, *held* that all devisees under the will would be interested in the decision of the question of the value of such residence property and necessary parties to a suit to determine the question.

10. TRUSTS, § 126*—*who necessary parties to suit to remove testamentary trustee.* All the *cestuis que trust*, in a trust created by will, are necessary parties to a chancery suit to remove the trustee appointed by will, and the removal of a trustee named in a will and appointment of a new one would be invalid as to beneficiaries named in the trust who were not made parties.

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

**Statement by the Court.** John E. Bryant and Charles F. Bryant, children of John B. Bryant, who died testate February 13, 1916, filed a bill in chancery

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the Circuit Court of DeWitt county, praying that the last will of John B. Bryant may be construed; that the appointment of John E. Bryant as trustee under the will of John B. Bryant be confirmed; that the rights of Sophia A. Jones and of her children under said will may be determined; that the court determine and direct the manner of procedure in the trust matters; that an account be taken of all the trust funds received by any of the defendants arising out of the trust property, and that it may be determined what property and funds are trust property. The bill sets forth a copy of the will; it alleges inconsistency in the will with reference to Lot 12 in Block B in Carle's second addition to Clinton, which the testator owned and on which Sophia A. Jones, a daughter resides, and with reference to the money bequest to her. Sophia A. Jones, Philo S. Jones, her husband, Clinton Jones and Rhea Jones, her children, George W. Bryant, a son of Jacques G. Bryant, who was a son of the testator, Mamie Bryant, the widow of Jacques G. Bryant and L. DeBoice, administrator with the will annexed, are made parties defendant.

Sophia A. Jones filed an answer and cross-bill. The cross-bill sets forth a copy of the will of John B. Bryant, the second clause of which the original bill seeks to have construed. That clause is: "After the payment of my just debts, including funeral expenses, I hereby will, devise and bequeath unto my son John E. Bryant, in trust for the purposes hereinafter stated, all of my estate, real, personal and mixed, and wheresoever situated; and hereby direct and empower my said son, John E. Bryant, to convert my estate, real, personal and mixed, and wheresoever situated, into money within two years from the date of my death. It is my will and I hereby empower my son, John E. Bryant, as trustee, with full authority to execute and deliver to the purchaser or purchasers of

my said estate, or the several parts thereof, a good and sufficient deed or deeds, or evidence of conveyance, to convey the title to said property. It is my will that my said trustee shall be the sole judge of the price for which my said estate, or any part thereof shall be sold; and that he shall sell said estate and convert it into money either by public or private sale as he shall deem best.

"When said estate is so converted into money; and all my just debts, including funeral expenses, are fully paid, and the expenses of administration, it is my will that my said trustee pay to my son Jacques G. Bryant, my son Charles F. Bryant, and my son John E. Bryant, each the equal one-fourth (¼) part of the net proceeds of my estate. And that my said trustee, John E. Bryant, out of the remaining one-fourth (¼) part of my estate purchase the property where my daughter Sophia A. Jones now lives in the City of Clinton, Illinois, for my said daughter Sophia A. Jones, conveying said property to said Sophia A. Jones for and during her natural life, and to the children of my said daughter, Sophia A. Jones, that may be living at the time of her death, equally share and share alike. And that the remainder, if any, of the remaining one-fourth part of my estate to be paid to my said daughter Sophia A. Jones to be loaned by my said daughter Sophia A. Jones, to be secured by a real estate mortgage on lands in the County of DeWitt and State of Illinois, and not to be loaned at any one time for a longer period than five years during the lifetime of my said daughter Sophia A. Jones; my said daughter Sophia A. Jones simply to have the interest and income from said money, and at her death the principal to go to her children who may survive her, equally share and share alike.

"It is my further will that any and all notes and evidences of indebtedness that I may hold or be pos-

sessed of at the time of my death against any of my said children, be deducted from the respective share of such child or children against whom I hold or possess any notes or evidence of indebtedness.''

It further alleges that the testator died seized of Lot 12 in Block B in Carle's second addition to the City of Clinton and that under the terms of the will the apparent intention of the testator is to give the cross complainant said Lot 12, and that she should be charged the reasonable market value of said property out of her fourth interest in the estate; that from the language of the will it appears the trustee should sell said premises and buy it back, fixing the price of the sale and the repurchase, but that the intention of the testator was that she should be charged with the market value of said property; that it is of the value of $1,800, but said trustee has stated that it is cheap at $3,000; that John E. Bryant is not a proper person to administer the trust imposed on him by the will when his judgment can be used to the advantage or detriment of cross complainant, and that he is a man of violent temper and very hostile to her and boasts that he has not spoken to her in a friendly manner for twelve years.

It is also alleged that the testator bought said property a few years before his death for a residence property for cross complainant, and requested her to reside therein; that a conservator had been appointed for the decedent before his death and that John E. Bryant harassed the conservator to sue cross complainant for rent and to eject her from said premises.

It makes John E. Bryant and Charles F. Bryant parties defendant and prays that a discreet and unprejudiced person may be selected and appointed to carry out the trust, and that commissioners may be appointed to appraise Lot 12, and that cross complainant may be charged with the equitable value of said Lot 12, and the same deducted from her fourth, and

that the remainder of her fourth under the will be paid to her.

The defendants demurred to the cross-bill and assign, among others as special cause of demurrer, that George W. Bryant, heir at law of John B. Bryant, a devisee, is a necessary party.

The court overruled the demurrer to the cross-bill and defendants abiding by their demurrer the court entered a decree, finding that all the material allegations of the cross-bill are true; that the second clause of the will which is sought to be construed is, etc.; that it was the intention of the testator that Sophia A. Jones should be charged with the market value of said Lot 12 against her interest in the estate; that the discretionary powers given the trustee affect the interest of Sophia A. Jones, and the trustee appointed by the will is not a proper person to administer the trust, and decrees that the trustee named in the will be removed, and that Weldon Ward be appointed to carry out the terms of the trust.

WILLIAM BOOTH, HERRICK & HERRICK and F. K. LEMON, for appellant.

W. F. GRAY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The original bill seeks a construction of the will of the decedent and that John E. Bryant, appellant, who is named in the will as executor and trustee, be confirmed as trustee. DeBoice, defendant in the original bill, is alleged to be administrator with the will annexed. The executor appointed by the will, for some reason that is not alleged, has not qualified. The estate is alleged to consist of personal estate of the value of $25, fifty-four acres of land, and Lot 12 in Block B in Carle's second addition to Clinton.

The appellee questions the propriety of incorpo-

rating the original bill in the record on an appeal from the decree on the cross-bill. The court in passing on the demurrer to the cross-bill must consider the bills together for the reason that the cross-bill must be germane to and an auxiliary of the original bill and pray for affirmative relief concerning matters in litigation under the original bill. Story's Eq. Pl. & Pr. sec. 63; Shipman Eq. Pl. 406.

The only allegations contained in the cross-bill, that are not in the original bill, are those regarding the ill-will between John E. Bryant and Sophia A. Jones; the alleged statements by John E. Bryant concerning the value of the residence property and the allegation that the trustee named in the will is not a proper person to carry out the trusts committed to him by the testator.

The original bill does not ask for the appointment of a trustee, but only that the appointment of the trustee made in the will be confirmed. It is only by inference from that request that the contention might be made that, if he is not confirmed, he is to be removed and a new trustee appointed. That was not the purpose of the suit. The cross-bill does not ask that the trustee appointed by the will be removed except inferentially by asking that a trustee be appointed. If a defendant relies on the equities of his case for anything beyond a defense, and seeks affirmative relief, he must file a cross-bill asking for such relief. 5 Encyc. of Pl. & Pr. 632. It cannot be said that the relief sought by the cross-bill is merely incidental to the relief sought by complainants in the original bill. On a refusal to confirm the trustee appointed in the will, the original bill might be dismissed by complainant. Without an order removing the testamentary trustee and appointing another trustee, if such action should be required by equity, there would be a serious question whether the appointment of the trustee by the will is or is not in force, since he is not

acting as executor. The facts alleged are not only a defense to part of the relief sought by the original bill, but call for affirmative relief based upon facts that are not alleged in the original bill. *Wing v. Goodman,* 75 Ill. 159; *Hook v. Richeson,* 115 Ill. 431.

We do not express any opinion concerning the merits of the case, yet a trustee appointed by a will may be removed, where the relations between the trustee and the *cestui que trust* are such as to interfere with the beneficial administration of the trust (*Lorenz v. Weller,* 267 Ill. 230), or the interest of the trustee is such as to be antagonistic to the *cestui que trust* because of his personal interest in the estate. (39 Cyc. 263; *Yates v. Yates,* 255 Ill. 66.) A court of equity has the power of removing a trustee for sufficient reason, but that power should be exercised sparingly when the appointment is by a will. There was no error in overruling the general demurrer.

From the will it appears that Jacques G. Bryant, a son of the decedent, was given a fourth interest in the estate. He is neither made a party to the cross-bill, nor does it explain why he is not made a party. The original bill states that he died before the testator, leaving a son George W. Bryant, who is a defendant to the original bill.

The children of Sophia A. Jones, the cross complainant, are by the will given the remainder in the fourth of which Sophia A. Jones is given the life use. The cross-bill does not state either that she has children or that she has none, neither does it give any reason for the omission. The original bill states that she has two children and makes them parties.

The valuation of the premises to be taken by the cross complainant is of much interest to all the parties interested in the estate. A high price increases the amount to be received by the son of Jacques G. Bryant, and decreases the value of the remainder in the

estate to be received by the children of cross complainant after her death and vice versa. The fact that the will directs that she receive the part of the fourth of the estate of which she has the life use over and above the value of the residence does not necessarily mean that she shall have the possession and the management of it. *Cort v. Massie,* 171 Ill. App. 123.

Parties to actions are divided into necessary or indispensable parties, and proper but not indispensable parties. Necessary parties are those without whom the court will not proceed to a decree even as to the parties before it. "This class includes all persons who have an interest in the controversy of such a nature that a final decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. Accordingly, persons whose interests will necessarily be affected by any decree that may be rendered are necessary and indispensable parties." 15 Encyc. of Pl. & Pr. 610. The cross-bill asks the court to determine the value of said Lot 12. That question will have to be determined either by the original trustee, if his appointment is confirmed, or in some other manner, and all the devisees under the will are interested in the decision of that question, and if it be done under the direction of the Circuit Court, then all interested parties must be parties to that proceeding or to any action preparatory to the determination of the value of the lot.

The objection of a want of necessary parties was made by the demurrer and was apparent on the face of the bill. It was made at the earliest opportunity. All the *cestuis que trust,* in a trust created by will, are necessary parties to a chancery proceeding to remove the trustee appointed by the will, and the removal of trustees named in a will and the appointment of new

ones are invalid as to beneficiaries named in the trust who are nòt made parties. *Butler v. Butler,* 164 Ill. 171; *Chandler v. Ward,* 188 Ill. 322; *LaForge v. Binns,* 125 Ill. App. 527. The court erred in overruling the special demurrer which urged a want of necessary parties.

It is not proper at this time to discuss the decree rendered, which, without any prayer therefore in the cross-bill, construed the will without regard to the issues joined on that question on the original bill.

The decree is reversed because of the error in overruling the special demurrer, and the cause is remanded with instructions to sustain the special demurrer on the ground that there is a lack of necessary parties.

*Reversed and remanded with directions.*