(No. 29257.—

JESSIE MARIE PETTINGILL DOUDS, Appellee, *vs.* LOUIS F. FRESEN, Exr., *et al.,* Appellants.

*Opinion filed January 23, 1946.*

Fred P. Schuman, of Granite City, for appellants.

Leland H. Buckley, of Edwardsville, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

This cause comes to this court by direct appeal from the circuit court of Madison county. The question for decision is as to the kind of estates appellant Emily L. Petrie and appellee take as beneficiaries under the will and codicils of Jessie Webb, deceased. Testatrix disposed of both real and personal property by will. Appellee, Jessie Marie Pettingill Douds, was a niece of testatrix, and appellant Emily L. Petrie, a sister. They are her only heirs-at-law.

The will, dated April 21, 1942, directed the payment of debts, bequeathed $1000 to a niece of testatrix's deceased husband, and all the rest and residue was devised and bequeathed to appellant Emily L. Petrie and appellee "in equal shares, to be theirs, absolute and forever." Codicil No. 1, dated July 21, 1942, adopts all the provisions of the will except as to the residuary devise. One paragraph directed that if either residuary beneficiary predeceased testatrix, the survivor would take all the residuary estate. Another provided as follows: "In the event that I predecease both of the above named devisees and legatees, then in that event I devise and bequeath to my sister, Emily L. Petrie and to my niece, Jessie Marie Douds all of my property real, personal and mixed as tenants in common and by the entireties with the right of survivorship it being my intention that said devisees and legatees shall hold said property as tenants in common with the absolute fee to said property vesting in the survivor." The only change made by codicil No. 2 was to reduce the bequest of $1000 to $500.

The trial court construed the codicil as devising and bequeathing the residuary estate to appellant Petrie and appellee as tenants in common. On this appeal said appellant contends the provisions of codicil No. 1 should be construed as creating a life estate in the residue in the two beneficiaries with a contingent remainder in fee to the survivor. Appellee contends that the residuary estate passed to the two in fee simple as tenants in common. She proposes an alternative if it should be found that they did not take the estate as tenants in common in fee simple, which would be to construe the codicil as creating a joint tenancy with the right of survivorship.

Since the adoption of the Married Woman's Act of 1861, estate by the entireties, as known at the common law, have not been recognized in this State. (*Lawler* v. *Byrne,* 252 Ill. 194; *Mittel* v. *Karl,* 133 Ill. 65.) The relationship between beneficiaries essential to the creation of an estate by entireties does not exist between the beneficiaries and, therefore, in view of the statute and this lacking element, the words "by the entireties with the right of survivorship" are subject to interpretation only as indicating an intent of testatrix to attach an incident of survivorship to the beneficiaries' interests as tenants in common. Generally speaking, survivorship is not an incident of a tenancy in common, but if there is a clearly expressed intent to create a right of survivorship, such intent may be given effect. 14 Am. Jur. page 87, sec. 15; *Mitchell* v. *Frederick,* 166 Md. 42, 170 Atl. 733.

In Jarman on Wills, vol. 2, page 246, it is said: "Where the will creates a tenancy in common with *express* survivorship, there is, of course, no pretence for implying a joint-tenancy, and each devisee or legatee will have, not a severable interest, but an interest with a contingent gift over to be ascertained only by the event."

The intent of the testatrix in this case to attach the right of survivorship to the tenancy in common is obvious

when the direction that the beneficiaries shall take "as tenants in common by the entireties with the right of survivorship" is read in connection with the declaration in which testatrix emphasized her intent by declaring it to be "that said devisees and legatees shall hold said property as tenants in common with the absolute fee to said property vesting in the survivor." Here, for the second time, testatrix declared the two beneficiaries should have the property as tenants in common, and here, as in the former instance, she attached words which, when given their ordinary meaning, created a right of survivorship. Giving expression to the testatrix's intent, the will should be construed as giving the two beneficiaries an estate of equal rights during their joint lives with a right of survivorship, the same to become operative upon the happening of the contingency of the death of one of them. One of the essential elements of a tenancy in common is the unity of possession. The construction thus given affords the beneficiaries equal rights of possession during their joint lives.

In *Ewing's Heirs* v. *Savary,* 3 Bibb, 235, cited with approval in *Mittel* v. *Karl,* 133 Ill. 65, the deed was to two grantors and "the survivor of them, his heirs or assigns." It was said: "Although there is no express limitation to them for life, the express limitation of the fee to the survivor necessarily implies it. Nor can there be any doubt that the contingent remainder is good, for there was a particular estate of freehold to support it, and *eo instanti* that the particular estate determined, the estate in remainder commenced." In principle this case is controlled by the *Mittel case.*

The will gave the two beneficiaries estates as tenants in common. To now hold, as the chancellor did, that the codicil also gave them estates as tenants in common would be to ascribe to testatrix an intent in making the codicil which she had already clearly expressed in the will.

Appellee's alternative contention that the codicil might be construed as creating a joint tenancy cannot be sustained. The statute declares that no estate in joint tenancy shall be held or claimed, other than to executors and trustees, unless the instrument creating the estate shall expressly declare that the estate transferred is to pass not in tenancy in common but in joint tenancy. The exact words of the statute need not be used to create a joint tenancy, but the language used must clearly express the purpose to create such an estate. (*Cooper* v. *Martin,* 308 Ill. 224; *Gaunt* v. *Stevens,* 241 Ill. 542.) The devise in this case does not meet such requirement. The construction already given answers any contention that testatrix intended the two beneficiaries should take as joint tenants with all the incidents of such an estate.

The decree of the circuit court is reversed and the cause is remanded, with directions to proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*