In re Estate of Charles H. Close, Deceased.
Paul Dunham Close, Executor of Estate of Charles H. Close, Deceased, on Appeal of Paul Dunham Close, Individually, Appellant, v. William F. Baker, Individually and as Executor of Estate of Helen Close Baker, Deceased, Appellee.

Gen. No. 43,782.

232

Opinion filed January 8, 1947. Rehearing denied January 28, 1947. Released for publication January 28, 1947.

BANGS & CRANE, of Chicago, for appellant; MARTIN CRANE, of Chicago, of counsel.

FRED W. KRAFT and JACOB KAPLAN, both of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On November 10, 1939 Charles H. Close made and published his last will and testament. He was a widower, his wife having died in 1929. He died at Chicago on March 5, 1944. The will was admitted to probate in the probate court of Cook county on April 12, 1944, at which time Paul Dunham Close, a son, qualified as executor and letters testamentary were issued to him. Three children were born to him, namely, Charles Dunham Close, Helen Close Baker and Paul Dunham Close. All of the children married. Charles Dunham Close, who predeceased the testator, left a widow, Cecile Close, and five children, namely, Harold P. Close, Charles D. Close, Jr., Nancy Close Zuelke, Dorothy Close Adams and Marjorie Close Edgerton. Helen Close Baker and Paul Dunham Close, children of the testator, survived their father. On July 22, 1944, less than five months after the death of her father, Helen Close Baker died, without children, leaving her widower, William F. Baker, as her sole next of kin and beneficiary under her will and executor of her estate. The testator in his will remembered all of his grandchildren and a sister, making specific bequests. To his sister, Carlotta Close Hughes, he bequeathed $2,500; to his grandson, Paul D. Close, Jr., (son of Paul D. Close) he be-

queathed $100; and to his five grandchildren (children of Charles Dunham Close, his deceased son) he made the following bequests: To Dorothy Close Adams $2,500; to Charles D. Close $500; and $200 each to Marjorie Close Edgerton, Nancy Close Zuelke and Harold P. Close. He did not make any bequest to Cecile Close, the widow of Charles Dunham Close. After the specific bequests, the will disposed of the residue of his estate by the following clause: "The rest and residue of my estate including any and all property of which I may die possessed or be entitled to, I devise and bequeath in equal parts, share and share alike, to my children Paul Dunham Close and Helen Close Baker. If either of my said children predeceases the other, the survivor shall inherit the entire rest and residue of my estate."

In due time the executor filed an account showing the entire residue of the estate, consisting of $7,192.79 in cash, plus certain securities, as distributed "To Paul D. Close, survivor of Paul Dunham Close and Helen Close Baker." William F. Baker, individually and as executor of the estate of his deceased wife, Helen Close Baker, filed objection to the account, claiming that the contemplated distribution was contrary to the terms of the will. He asserts that a proper distribution of the estate would give one half of the residue to Paul Dunham Close and one half to the estate of his deceased wife and thence to him. Since the residue of the estate is estimated as in excess of $35,000, the amount involved is over $17,500. The objection to the account was sustained by the probate court, and a decree entered directing the executor to recast his final account so as to show distribution of one half of the residue to the estate of Helen Close Baker. In a trial *de novo* in the circuit court the objector, William .F. Baker, individually and as executor of the estate of his deceased wife, again prevailed, and the executor of the estate of

Charles H. Close, deceased, was ordered to recast his final account so as to show distribution of one half of the residue of the estate to Paul Dunham Close and one half to the estate of Helen Close Baker, deceased. Paul Dunham Close, as an individual, appealing, asks that the decree of the circuit court be reversed.

The proposition we are asked to resolve is whether the will creates an estate of survivorship in Helen and Paul. Appellant maintains that the will creates life estates in Helen and Paul as long as they both live with a contingent remainder to the survivor of them. He asserts that the remainder was contingent because until the death of one of them, it could not be determined who the survivor would be. Appellee argues that the will does not create an estate of survivorship or a life estate. He also asserts that by the use of the word "survivor" the testator unquestionably meant survivor of the children at the time of his death; that the courts favor the vesting of estates; that no trust or prior estate was created by the will; and that upon the death of the testator the residuary estate vested absolutely and unconditionally in Paul and Helen.

The paramount rule in the construction of wills is to ascertain the intention of the testator and to give it effect, if not prohibited by law or public policy. The court will consider the whole will and determine the intention of the testator from a consideration of all the language used. The intention must be determined from the will in the light of the circumstances surrounding its execution. Words are to be given their ordinary and popular meaning, unless some other meaning is indicated. Appellee urges that the word "survivor" refers to the time of the death of the testator and that Helen, having survived her father, her share vested in her and now passes to her estate and thence to him. Appellant, alluding to the sentence, "If either of my children predeceases the other, the survivor shall inherit the entire rest

and residue of my estate," maintains that when the testator used the words "the other" he fixed the time when the survivorship shall be determined; that the gift over is not *simpliciter;* that the will is not silent on this point; that the testator intended the survivor of his two children to take the residue of his estate upon the death of the first of them; that the word "survivor" is used as it would be if the testator were creating an estate in joint tenancy with right of survivorship; that the testator may have contemplated creating a joint tenancy; that he may have rejected the idea because a joint tenancy may be broken by the conveyance of one of the joint tenants; that whatever his reasoning on this point may have been, the language he inserted creates a life tenancy in Helen and Paul for their joint lives, with a contingent remainder over to the survivor of them; and that such estates are free from the disadvantage inherent in a joint tenancy. Appellant maintains that it is clear that the testator was contemplating the death of one of his children in relation to "the other," rather than in relation to his own death. Asking us to consider the alternatives open to the testator at the time he drew his will, appellant calls attention to the fact that the testator had five grandchildren through his deceased son Charles; that he left them "very little"; that he had a daughter-in-law, Cecile, the widow of his deceased son and the mother of these grandchildren; that he left her nothing; that he had another grandchild, Paul, Jr., the son of appellant; that he left him $100; and that obviously the principal objects of his bounty were his two living children, Helen and Paul. Appellant inquires, "Is it surprising then that he made no provision for his son-in-law who here objects, but even provided a gift over to the survivor of his children so that his son-in-law would not share in his estate?" Appellant urges that if the testator meant to leave his estate to appellee, he should have said:

"If either of my said children predecease me, the survivor shall inherit the entire rest and residue of my estate." In support of his contentions, appellant cites *Rady v. Staiars,* 160 Va. 373; *Mittel v. Karl,* 133 Ill. 65; *Cover v. James,* 217 Ill. 309; *Douds v. Fresen,* 392 Ill. 477; *Bushman v. Fraser,* 322 Ill. 579; and *Potter v. Potter,* 306 Ill. 37.

Both parties quote the following rule from Jarman on Wills, (7th ed.) p. 2065:

"In this state of the authorities one scarcely need hesitate to affirm that the rule which reads a gift to survivors simply as applying to objects living at the death of the testator is confined to those cases in which there is no other period to which survivorship can be referred; and that where such gift is preceded by a life or other prior interest, it takes effect in favor of those who survive the period of distribution, and of those only."

The law applicable to the facts of the instant case is stated by our Supreme Court through Mr. Justice CARTWRIGHT in *Fifer v. Allen,* 228 Ill. 507 (513):

"In case of a devise *simpliciter* to one person and if he should die, to another, the courts of England and this country have construed the will upon the theory that the testator must have had some contingency in view, and inasmuch as the death of the first devisee is a certain and not a contingent event, the testator must have contemplated death within some particular period of time, and to prevent a lapse and in favor of vested rather than contingent interests, they have considered the life of the testator to be that period."

See also *Liesman v. Liesman,* 331 Ill. 287, 293.

The testator leaves the entire residue of his estate to his two children, Paul and Helen, not jointly, but in equal parts, share and share alike. When the testator stated that if either of his children predeceased the other, the survivor should inherit the entire rest and residue of his estate, he meant the survivor of the

children at the time of his death. In our opinion this clause cannot be construed to mean that an estate of survivorship was created by the will. The deaths of Helen and Paul were no uncertain events. No condition or contingency was mentioned in connection with the death of either beneficiary. To entitle the survivor to the other share, death must occur during the lifetime of the testator. We do not consider that the cases cited by appellant on this proposition support his position when applied to the facts of the case at bar. We agree with the appellee that the language used by the testator clearly indicates his intention that his children, Paul and Helen, should have the sole benefit of his residuary estate. After the specific bequests, he gave to Paul and Helen, his only living children, the residue of his estate in equal parts, share and share alike. Neither of the beneficiaries of the residuary estate, or any person whatsoever, was to have the property in trust. No prior estate was created by the will. There was no intervening estate or interest. It is clear that he wanted the estate to go directly to his children without any intervening estate or interest.

Appellant asserts that life estates in personal property without a supporting trust are quite common, and that the more recent cases permit the life tenant to take possession of cash or securities upon "proper restrictions," such as the giving of a forthcoming bond. Citing *Quigley v. Quigley,* 370 Ill. 151; *Tripp v. Krauth,* 340 Ill. 11; *Gahan v. Golden,* 330 Ill. 624; *Cort v. Massie,* 171 Ill. App. 123, and other cases. As we have held that no life estate, trust or estate of survivorship was established, it is unnecessary to discuss this proposition.

Because of the views expressed, the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

LEWE, P. J., and KILEY, J., concur.