JOHN MITTEL *et al.*

*v.*

JOHANN KARL *et al.*

*Filed at Ottawa May 14, 1890.*

1. TENANCY BY THE ENTIRETY—*effect of Married Woman's act of 1861.* Prior to the adoption of the Married Woman's act of 1861, a deed made to a man and his wife did not pass an estate to them as joint tenants, but as tenants by the entirety, and the survivor took the whole estate; but since the Married Woman's act the right of survivorship has ceased, and the husband and wife will take and hold as tenants in common.

2. CONVEYANCE *to husband and wife—estate for life, with remainder in fee to survivor.* A husband and wife, being the owners of land, in 1875 conveyed the same to a trustee, who by warranty deed reconveyed to the wife and her husband by name, and to "the survivor of them, in her or his own right:" *Held,* that the husband and wife did not take as tenants in common, but an estate for life, with a contingent remainder in fee to the survivor.

3. JOINT TENANCY—TENANCY IN COMMON. A joint tenancy, at the common law, is distinguished by unity of possession, unity of interest and unity of time of the commencement of the title. Tenants in common are such as have a unity of possession, but a distinct and several title to their respective shares.

4. CONSTRUCTION OF DEEDS. In the construction of deeds and other written contracts it is the duty of the court to ascertain the intention of the parties, and that intention must control; but in arriving at the intention, effect must be given to each word, clause or term employed by the parties, rejecting none as meaningless or surplusage.

5. A construction which requires the rejection of an entire clause of a deed is not to be admitted except from unavoidable necessity; but the intention of the parties, as manifested by the language employed in the deed, should, as far as possible, be carried into effect.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. WM. VOCKE, and Mr. ARNOLD HEAP, for the appellants:

Inasmuch as the statutes of 1861, 1869 and 1874, in relation to husband and wife, remove the common law disabilities of the latter, by asserting her civil existence, and making her

property no longer identical with that of her husband, but separate and independent, the principle that a conveyance to husband and wife establishes a tenancy of the entirety, as at common law, has been abandoned.

The courts always give effect to the intention of the parties contracting by deed or otherwise, when it appears, and is not contrary to law. *Lehndorf* v. *Cope,* 122 Ill. 317.

As the deed contains a grant to Michael Jobst and Maria Jobst, "and the survivor of them, in his or her own right," we take it that it was intended that the one who died first should enjoy a life estate, with remainder in fee to the survivor. *Arnold* v. *Jack's Exrs.* 24 Pa. St. 57; *Lintz* v. *Lintz,* 2 Phil. 148.

Wherever the facts shown are such as would clearly induce the presumption of a joint tenancy, and there is nothing to indicate that such tenancy has been severed by the parties thereto, then, in equity as in law, the right of survivorship, as well as all other facts arising out of the joint tenancy, will be recognized and protected. *Aveling* v. *Knipe,* 10 Ves. 441; *Stuart* v. *Bruce,* 3 id. 632; *Acton* v. *Smallman,* 2 Vern. 556; *Barclay* v. *Hendricks' Heirs,* 3 Dana, 378.

Mr. FRANCIS LACKNER, and Mr. OTTO C. BUTZ, for the appellees :

The question is upon the construction of the granting clause in a "short form statutory warranty deed," which clause is as follows : "Convey and warrant to Maria Jobst and Michael Jobst, her husband, and the survivor of them, in her or his own right." Appellees contend that the grantees in the deed took as tenants in common, and the words, "and to the survivor of them," etc., are meaningless or surplusage.

The estate by the entirety, as at the common law, no longer obtains in this State.

At common law, estates of any quantity or length of duration may be held in four different ways : in severalty, in joint tenancy, in co-parcenary, and in common. 2 Bl. Com. 180.

The granting clause in said deed conveyed only a fee simple estate of inheritance to the grantees, as tenants in common.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill by appellees, for partition of certain lands in Cook county. Originally the title to the lands was vested in Michael Jobst, and Maria Jobst, his wife, who, on July 7, 1875, conveyed, by warranty deed of that date, to John Mittel. On July 8, 1875, John Mittel, by warranty deed, conveyed the premises to Maria Jobst, and Michael Jobst, her husband, and "the survivor of them, in her or his own right." On February 28, 1885, Maria Jobst died intestate, leaving her surviving no issue, but her husband and the complainants in the bill, her next of kin. Afterwards, on April 19, 1888, Michael Jobst died, leaving no children, but leaving a will, in which he devised his property to his brothers and sisters, who claim the whole of the property conveyed to Jobst and his wife by the deed of July 8, 1875, while, on the other hand, appellees, complainants in the bill, claim that upon the death of Maria Jobst an undivided one-quarter of the property descended to Michael Jobst, as surviving husband, and the other undivided quarter descended to appellees, her next of kin.

From the foregoing statement it is apparent that the decision of the case rests entirely upon the construction to be placed upon the deed of July 8, 1875, wherein the premises are conveyed to Maria Jobst, and Michael Jobst, her husband, and the survivor of them, in her or his own right. If, under the deed in question, Maria Jobst and Michael Jobst took the fee as tenants in common, then it is plain that upon the death of Maria the undivided one-half of the lands which was held by her would descend, one-half thereof to her husband, and the other half to appellees.

Prior to the adoption of the act of 1861, commonly known as the "Married Woman's law," a deed made to a man and his wife, upon the death of one, the whole estate passed to the

survivor. (*Mariner* v. *Saunders*, 5 Gilm. 124; *Lux* v. *Hoff*, 47 Ill. 425.) This rule is predicated upon the principle that in law husband and wife are but one person, and hence can not take an estate by moieties, but both are seized of the entirety, so that neither can dispose of the estate without the consent of the other, but the whole must remain to the survivor. (2 Blackstone's Com. 182.) In both of the cases cited, following the law as declared by Blackstone, it was held, that where an estate was granted to a man and his wife, they are neither properly joint tenants nor tenants in common. But after the adoption of the act of 1861, conferring upon married women the right to acquire property, and hold and enjoy the same free from the husband's control, this court held that the reason for the rule holding that a conveyance to husband and wife made them tenants by the entirety, with right of survivorship, had ceased to exist, and they will now take and hold as tenants in common. (*Cooper* v. *Cooper*, 76 Ill. 57.) Under the rule as declared in the case last cited, had the land been conveyed to Maria Jobst and Michaél Jobst without the words "and the survivor of them, in his or her own right," it is clear they would have held the fee as tenants in common, and upon the death of either the land held would have descended to his or her respective heirs.

The question then to be determined is, what construction is to be placed on the words found in the deed, "and the survivor of them, in his or her own right?" It is suggested that they may be rejected as surplusage. That can not be done. These words were placed in the deed by the contracting parties for a purpose, and they can not arbitrarily be rejected. In the construction of written contracts it is the duty of the court to ascertain the intention of the parties, and the intention, when ascertained, must control; but in arriving at the intention, effect must be given to each clause, word or term employed by the parties, rejecting none as meaningless or surplusage. *Lehndorf* v. *Cope*, 122 Ill. 317.

But it is said, if the words can not be rejected as surplusage, the deed created a joint tenancy, which has, in effect, been extinguished by our statute, leaving the parties occupying the relation of tenants in common. Section 5, chapter 30, of the Revised Statutes, provides, that "no estate in joint tenancy in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise or conveyance whatsoever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors and trustees, unless otherwise expressly declared, as aforesaid, shall be deemed a tenancy in common." Section 1, of chapter 76, of the statute, provides: "If partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivors, but descend or pass 'by devise, and shall be subject to debts, dower, charges, etc., or transmissible to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common."

A joint tenancy is said to be distinguished by unity of possession, unity of interest and unity of time of the commencement of such title. (Williams on Real Prop. 142.) The same author says: "Tenants in common are such as have a unity of possession, but a distinct and several title to their shares. * * * Between a joint tenancy and tenancy in common the only similarity that exists is, therefore, the unity of possession. A tenant in common is, as to his own individual share, precisely in the position of the owner of an entire and separate estate."

One principal element of an estate of joint tenancy is unity of interest. (2 Blackstone, chap. 12.) Was there unity of interest created by the deed in question? The fee was not conveyed to the two parties with right of survivorship. By the deed, the one first dying took only a life estate, while the

survivor took the fee.   Under such a conveyance we do not think unity of interest existed.   If not, an estate of joint tenancy was not created.

But aside from this, it will be observed that our statute, in plain language, declares that no estate in joint tenancy shall be held or claimed unless the premises shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy.   The deed in question contains no such declaration. It provides for a survivorship, it is true, which is regarded as one characteristic of a joint tenancy; but the declaration which the statute requires to establish the estate is nowhere found in the deed, and in the absence of such a declaration we are inclined to hold that the estate was not created.   We think the language of the deed, when properly understood, will admit of but one construction, and that is, that the premises were conveyed to Maria and Michael Jobst for life, with a contingent remainder in fee to the survivor.   By the language of the grant, "to Michael Jobst and Maria Jobst, and the survivor of them, in his or her own right," it was doubtless intended that the one who should die first should take only a life estate in the premises, with remainder in fee to the survivor and his heirs.

*Ewing's Heirs* v. *Savary,* 3 Bibb, 235, is a case in point. There the grantor made a deed to two persons, and "the survivor of them, his heirs or assigns."   The court held that the grant conveyed an estate for life, and a contingent remainder in fee to the survivor.   It is there said:   "Although there is no express limitation to them for life, the express limitation of the fee to the survivor necessarily implies it.   Nor can there be any doubt that the contingent remainder is good, for there was a particular estate of freehold to support it, and *eo instanti* that the particular estate determined, the estate in remainder commenced."   In the State of Pennsylvania, where they have a statute similar to our own, in *Arnold* v. *Jack's Exrs.* 24 Pa. St. 57, it was held, that although survivorship, as an incident

to joint tenancy, was abolished by the statute, it may be given by will or deed.

As to the purpose and object of the deed in question there can be no reasonable doubt. In the first instance, Jobst and his wife held the fee to the premises as tenants in common. They conveyed to a third party, who reconveyed to them, with the clause in the deed providing that the survivor should take the fee. If it had been intended that the fee should remain in Jobst and wife as tenants in common, why the necessity of a conveyance to Mittel, and a reconveyance with the added words providing the fee should go to the survivor? There is no way in which it can be held that Jobst and his wife took the fee as tenants in common, without rejecting the clause in the deed providing that the survivor should take the fee, and we are aware of no rule of construction under which that can be done. As is said in *Riggin* v. *Love*, 72 Ill. 556: "A construction which requires us to reject an entire clause of a deed is not to be admitted except from unavoidable necessity; but the intention of the parties, as manifested by the language employed in the deed, should, so far as practicable, be carried into effect." Here the grant of an estate for life, and a contingent remainder in fee to the survivor, violates no rule of the common law or any statute of the State, and we perceive no reason why it should not be sustained and the evident intent of the parties carried out.

The decree will be reversed, and the cause remanded for further proceedings in conformity to this opinion.

*Decree reversed.*