Nancy Ann HUNTER, By Elmo B. Hunter, Her Guardian and Curator, Plaintiff-Respondent,

v.

Virginia HUNTER, Defendant-Appellant, Federal Land Bank of St. Louis, A Corporation, and Walter R. Brown, Trustee, Defendants.

No. 46671.

Supreme Court of Missouri,

Division No. 1.

Jan. 12, 1959.

Motion for Rehearing or to Transfer to Court en Banc Denied Feb. 9, 1959.

Joe E. Burris, Kansas City, J. E. Taylor, Jefferson City, J. V. Conran, New Madrid, for appellant.

Blanton & Blanton, Sikeston, Harry H. Bock, New Madrid, for plaintiff-respondent.

WESTHUES, Judge.

Nancy Ann Hunter, a minor, by Elmo B. Hunter, her father and natural guardian and curator who was also appointed as her legal guardian and curator, filed this suit against Virginia Hunter, Federal Land Bank of St. Louis, a corporation, beneficiary in a deed of trust, and Walter R. Brown, as trustee in said deed, to determine title to 423.16 acres of land situated in New Madrid County, Missouri.

Plaintiff claimed title to a one-half interest in the land through deeds, the first executed on April 6, 1956, by Della B. Hunter, conveying a one-half interest to Joseph R. Stevens, and a deed executed on April 7, 1956, by Stevens conveying a one-half interest in remainder to plaintiff and a life estate to Della B. Hunter. Della B. Hunter died on April 17, 1956.

The defendant, Virginia Hunter, claimed title to all of the land contending that she acquired title by virtue of a will executed on July 25, 1950, by Martha Hunter Van Studdiford. The clause in the will which is the subject matter to be dealt with in this case reads, "I give and devise unto my mother, Mrs. D. R. Hunter, of the City of Jefferson City, State of Missouri, and unto my sister, Virginia Hunter, as joint tenants with the right of survivorship, all of the real estate which I may own at the time of my death." Mrs. Van Studdiford died on November 17, 1951, owning the land in question. Elmo B. Hunter is a brother of Virginia and the testatrix and plaintiff is a niece of Virginia and testatrix. Plaintiff claims that by the deed executed by her grandmother, Della B. Hunter, the joint estate created by the will was severed and therefore the right of survivorship ceased to exist, and that plaintiff and Vir-

ginia Hunter became tenants in common when a life estate was terminated by death.

Defendant, Virginia Hunter, claims that she received through the devise a right of survivorship which could not be taken from her by a conveyance of Della B. Hunter and therefore she is the owner of the entire fee.

The trial court entered a decree in plaintiff's favor on the theory that when Della B. Hunter conveyed a one-half interest in the property, the joint estate was severed so that plaintiff acquired a one-half interest in the land and that plaintiff and Virginia Hunter were tenants in common. Defendant Virginia Hunter appealed from the judgment entered.

Plaintiff's principal contention is that the will in question "is clear and unambiguous and the language used created a joint tenancy in fee in Della B. Hunter and Virginia Hunter" and further that "Della B. Hunter, one of the joint tenants under the Will of Martha Van Studdiford, had the right to sever the joint tenancy by a voluntary conveyance to a third party, and she did sever it by her conveyance to Joseph Stevens."

The defendant says that the trial court erred in finding and adjudging that the will devised to Della B. Hunter and defendant a title in fee to the land; that the will, if properly interpreted, created a joint tenancy with the right of survivorship; that such was the intention of the testatrix and therefore the right of survivorship could not be destroyed by either Della B. Hunter or defendant. Further, she claims that if the will, standing alone, does not compel the result above-stated, then the words, "with the right of survivorship," give rise to a doubtful and uncertain intent and meaning and evidence offered by defendant touching upon the matter of testatrix' intention was erroneously excluded by the trial court.

In our research, we have found no case in this state nor have the parties in their able and exhaustive briefs cited a Missouri case in which the point now before us has been decided. Plaintiff does rely upon two cases which she claims ruled the point, that is, that in a joint tenancy any one of the joint tenants may sever the joint tenancy and thereby destroy the right of survivorship. The cases relied upon are Gibson v. Zimmerman, 12 Mo. 385, and Frost v. Frost, 200 Mo. 474, 98 S.W. 527. In each of those cases the question was whether the right of survivorship in a joint estate of husband and wife which was considered as an estate by the entirety could be severed. It was held that the right of survivorship in such a case could not be destroyed. Note what the court said in the Gibson case, 12 Mo. loc. cit. 386: "The only point in this case for our adjudication, is the effect of a conveyance of land in fee to a man and his wife during the coverture. The court below held that such a conveyance vested the entirety in each; that on the death of the husband, the wife surviving, was seized of the whole." That very same question was before the court in Frost v. Frost, supra. The court in each case, in discussing the various types of joint ownership, pointed out the difference between an estate by the entirety and joint tenancy. The court, in the Frost case stated, 98 S.W. loc. cit. 528: "A joint tenant may destroy the joint tenancy and thereby destroy the right of survivorship by conveying his right to a third person, in which event his former co-tenant and the third person to whom the conveyance is made become, as to each other, tenants in common."

In neither of the above cases was the court called upon to interpret a will. No citation of authority is necessary in support of the rule to be followed by courts in construing and interpreting wills and the parties in this case agree that the rule is that in construing wills courts should give effect to every clause and portion of a will in determining the intent of the testator. Housman v. Lewellen, 362 Mo. 759, 244 S.W.2d 21, loc. cit. 23(2).

Plaintiff takes the position that by the wording of the devise in this case giving

land to Mrs. Hunter and Virginia "as joint tenants with the right of survivorship" a joint tenancy in fee was created; that the words, "with the right of survivorship," were merely descriptive of a joint estate and nothing more. Plaintiff cites Sections 442.460 and 474.480, RSMo 1949, V.A.M.S. Section 442.460 is a part of a chapter on real estate and titles and conveyances while Section 474.480 is a part of a chapter on wills. The substance of the sections is the same. Section 474.480, supra, reads as follows:

"Devise deemed to convey fee simple, when

"In all devises of lands or other estate in this state, in which the words 'heirs and assigns', or 'heirs and assigns forever', are omitted, and no expressions are contained in the will whereby it appears that the devise was intended to convey an estate for life only, and no further devise is made of the devised premises, to take effect after the death of the devisee to whom the same is given, it shall be understood to be the intention of the testator thereby to devise an absolute estate in the same, and the devise conveys an estate in fee simple to the devisee, for all of the devised premises."

Now, the will in question does not contain the words, "heirs and assigns," or "heirs and assigns forever," but the question is presented of whether the will does contain an expression by which it appears that the devise was intended to be for life only and whether it contains a further devise to take effect after the death of the devisees to whom a life estate is given. If the testatrix in the case before us meant to devise to such devisees, that is, her mother and her sister, a right of survivorship, that is, to take the whole fee after the death of one of them, then the questions above must be answered in the affirmative and, of course, it would follow that the statute does not apply.

In our research, we found the case of Quarm v. Quarm, 61 Law Journal, Queen's Bench Division, New Series 154, wherein the facts were very similar to those in the case before us. In the Quarm case, the testator had by his will created two life estates, then to seven children of his brother by name, "as joint-tenants and not as tenants in common, and to the survivor or longest liver of them, his or her heirs and assigns." The court held that the devise to the seven children was a devise of *joint life estates* with a contingent remainder over in fee to the survivor. A statute was in force in England at that time in substance the same as our Section 474.480, supra. The section (Wills Act, 1837, Sec. 28) was quoted in the opinion as providing that "'where any real estate shall be devised to any person without any words of limitation, such devise shall be construed to pass the fee-simple, or other the whole estate or interest which the testator had power to dispose of by will in such real estate, unless the contrary intention shall appear by the will.'" The court stressed the words, "unless the contrary intention shall appear by the will." It will be noted that neither our statute governing wills nor the English Wills Act prohibited the devising of joint estates for life with remainder to the survivor. The English court, in its opinion by Lord Coleridge, C. J., discussed and set forth a number of rules governing the construction of wills. Following that, the court made further comments which we think are very appropriate and applicable to the case now before us. We shall, therefore, quote what was said, loc. cit. 157: "It appears to me to be worth while to apply these canons of construction to this case as being directly applicable. What would be the ordinary and primary sense of the words here used? The primary sense would be that for which the respondent contends— namely, to give joint-estate for lives apart from the enactment of the Wills Act; and if they can be taken in that sense as substantially in accordance with the context of the will, that is, apart from any statutory interpretation, the inflexible rule of construction so to take them. But it is said that rule will not apply here because of the pro-

vision of the Wills Act cited, enacting that a gift without words of limitation must be construed as a gift of all the estate in the testator, though, admittedly, before the Act such a construction as the respondent seeks to give would be sound. Were the authority of the statute limited to such enactment, this contention would be sound; but where, in order so to construe a will, you have to reject words so as to make such a construction possible, the conclusion must be that those words express some contrary intention, and may have been inserted precisely in order to express an intention contrary to such a construction; and such an intention it is precisely the object of the saving clause in the section to protect. The canon of construction, therefore, again applies— namely, that you must give effect, where possible, to every leading word in the instrument. Now, under the respondent's construction, we can apply every word of the clause as having reference to some form of limitation. Is there not clearly something in the will indicating that, with the knowledge of the limitation in force under the statute being otherwise operative, there is a limitation put in the will itself in order to shew the contrary intention to the statutory construction?"

If by the will in question the testatrix had devised to Della B. Hunter and Virginia Hunter the land in question as joint tenants and nothing more, then by force of the statute and by operation of law a joint estate in fee would have been created with the right of survivorship. In such cases, the right of survivorship, implied by operation of law, can be defeated and the joint tenancy severed by a conveyance of one of the joint tenants. That is the rule in a majority of jurisdictions. The cases cited by plaintiff, that is, the Gibson and Frost cases, supra, support that rule. Many law journals were also cited in support of the rule. In these articles appearing in the law journals, it is generally stated that after the abolition of the feudal system joint estates with the right of survivorship met with disfavor by the courts and legisla-

tive bodies. No doubt that is true for in some states joint tenancies with the right of survivorship have been abolished. In many other states, as in England, statutes have been enacted similar to Sections 442.460 and 474.480, supra. However, as so well illustrated in the English case quoted from, Quarm v. Quarm, supra, the rules applicable to the construction of wills must not be ignored in will cases and the statutory provisions have not changed such rules. An interesting article on this subject may be found in the Journal of the State Bar of California, Vol. 30, No. 6, November-December, 1955, entitled, "Joint Tenancy: A Reappraisal." In the article, the reasons for estates of joint tenancy falling into disfavor were reviewed. The author states that despite the fact that joint tenancies fell into disfavor with the courts and legislative bodies, joint tenancies are still favored by many laymen and that there is a trend toward such estates; further, that the trend has found favor in a number of states as indicated by legislative acts. Estates of husband and wife which are considered as estates by the entirety differ from joint estates in that the survivor always holds the entire fee.

Plaintiff, in the brief, quoted from the Gibson case, supra, where the court, in effect, said that joint tenancies may be severed and the right of survivorship be defeated at the will of either tenant. Plaintiff then added, "This is the very decision which the scrivener says he checked in selecting the language he used which creates a joint tenancy." But that is not all the scrivener said in answer to questions asked on cross-examination by counsel for plaintiff. Note his further testimony:

"A. Yes, sir, that case skirts around the situation and I added '—with the right of survivorship,' to the mere use of the words 'joint tenants,' * * *."

The scrivener further testified that he checked the case and the statutes because the testatrix had sent him an urgent note to prepare a will for her and in the note

had written, "Farm—to mother, Mrs. D. R. Hunter, & Sister, Miss Virginia Hunter—survivor to get all." That, of course, does not help plaintiff. In the brief, plaintiff insists that the language of the will is plain and unambiguous and evidence of intention on part of the testatrix was not admissible. The trial court so held and excluded from consideration all evidence as to intention of the testatrix. Our decision in this case is based solely on the language of the will itself. The comments above with reference to the evidence of the scrivener were made in answer to plaintiff's statement in the brief whereby aid and comfort was sought from the statement made by the scrivener that he had checked the Gibson case.

The Quarm case from England, supra, was followed by the Michigan Court in Jones v. Snyder, 218 Mich. 446, 188 N.W. 505. In an earlier case, Schultz v. Brohl, 116 Mich. 603, 74 N.W. 1012, the Michigan Court held a grant to two persons, "to them and the survivor of them," created a joint estate with the right of survivorship that could not be severed. A like ruling may be found in the case of Finch v. Haynes, 144 Mich. 352, 107 N.W. 910.

The Supreme Court of Ohio, in the case of In re Hutchinson's Estate, 120 Ohio St. 542, 166 N.E. 687, 690, had before it the question of a joint ownership of stock and in discussing joint tenancy said, "Joint tenancy was the product of feudalism, and that character of tenure was favored, because it tended to combine or unite the feudal service, and to consolidate the tenure, and to strengthen the military service growing out of that tenure. With the passing of the feudal system, joint tenancy came to be regarded with as little favor in England as in this country. In England, as in America, courts of law and equity will construe expressions in a conveyance as importing a condition in favor of a tenancy in common, rather than a joint tenancy, and effect will be given accordingly. Manifestly no such latitude of interpretation can be permitted, where the terms of a gift or grant clearly give a right of survivorship. If a joint tenancy is expressed, without words of survivorship, under the unbroken line of authorities in Ohio, it will be considered as a tenancy in common. If, on the other hand, a donor or grantor, by the operative words of the gift or grant, clearly expresses an intention to give the right of survivorship, such words will not be disregarded."

Plaintiff, in the brief, as above-noted, cited many law journals containing articles on the law pertaining to joint tenancy. While the articles are very interesting, few of them discuss the rules governing the interpretation of wills. The journals cited are 30 Journal of State Bar of California, 504 ff.; Journal of Oklahoma Bar, p. 348 (1940); 37 Illinois Bar Journal, p. 449 (1948); 32 Michigan State Bar Journal 14; 38 Michigan Law Review 875; 54 Michigan Law Review 119; 21 Oregon Law Review 159, 161; 34 Iowa Law Review 41, 54, 55.

In a number of the cases cited by plaintiff, the question to be determined was whether a joint tenancy could be severed which was created by a grant which did not contain the words, "the right of survivorship." Such cases are not in point. In such cases the general rule is that one joint owner may by conveyance sever the tenancy and thereby defeat the right of survivorship. Plaintiff did cite a number of cases from various states where the grant did contain the words, "the right of survivorship," or words to that effect and the courts held the joint tenancy could be severed. See Hart v. Kanaye Nagasawa, 218 Cal. 685, 24 P.2d 815; Mulvanity v. Nute, 95 N.H. 526, 68 A.2d 536. In many cases, such as Shipley v. Shipley, 324 Ill. 560, 155 N.E. 334, the question to be decided was whether a joint tenancy had been created and the question of severance was not presented. Such cases do not control the question before us.

Plaintiff cited and quoted at length from the case of Dolley v. Powers, 404 Ill. 510, 89 N.E.2d 412. In that case, a father, the owner of real estate, by deed to his son, attempted to create a joint estate in himself and

the son. The court discussed the elements necessary to create a joint tenancy. The grant in the deed was, in substance, not as tenants in common but as joint tenants, so that upon the death of one, the entire fee simple title should vest in the survivor. The court held, 89 N.E.2d 414, 415(8, 9) (10), that a joint tenancy was intended to be created but was not because the father could not convey any interest in himself as a joint tenant; that two of the elements of joint tenancy were lacking, unity of title and unity of time. The question of severance was not before the court.

In oral argument and in the brief, plaintiff referred to Illinois cases supporting her position. The case of Mittel v. Karl, 133 Ill. 65, 24 N.E. 553, 554, 8 L.R.A. 655, cited by defendant, does not in our opinion sustain the plaintiff. There a deed conveyed land to a man and his wife and "the survivor of them, in his or her own right." The court held that a life estate was created and a remainder in fee to the survivor. This ruling was not made on the theory that an estate by entirety was created but, as the court said, at the bottom of page 555 of 24 N.E., first column, "As is said in Riggin v. Love, 72 Ill. [553], 556, a construction which requires us to reject an entire clause of a deed is not to be admitted, except from unavoidable necessity; but the intention of the parties, as manifested by the language employed in the deed, should, so far as practicable, be carried into effect."

■■ It would serve no useful purpose to prolong the discussion of this question. In our opinion, the testatrix, by the language of her will, intended to devise to her mother and her sister a joint estate for life and the survivor to take the fee. Such a ruling is in harmony with the law applicable when courts are called upon to construe wills. It is the intention of the testatrix that must be the main question for determination. As said by the Illinois court in Mittel v. Karl, supra, such a devise violates no rule of law. And as pointed out by the English court in Quarm v. Quarm, supra, such a devise to two or more persons creates an estate for life in the joint devisees and a fee in the survivor. The court said such an estate was created by the will and not as a presumption arising from the provisions of the Wills Act. So, in the case before us, the estate was created by the will. The testatrix devised to the parties the right of survivorship. It, the survivorship, did not come into existence by virtue of the statute, Sec. 474.480, supra, which, in substance, says that unless it appears that a devise was intended to convey an estate for life only and no further devise is made, then the devise shall be deemed to have conveyed a fee. The testatrix did indicate that it was her intention that her mother and her sister should have the land for life and the survivor should take the fee. It is our opinion that such is the proper interpretation of the will.

■ The defendant, by answer and cross petition, asked the trial court for a cancellation of the deeds dated April 6, 1956, and April 7, 1956, and to remove the cloud such deeds cast upon the defendant's title. A decree for the defendant on the issues presented would have that effect. However, since the defendant asked for specific relief, she is under the law entitled to have the decree so read. It is, therefore, ordered that the judgment of the trial court be reversed and that the trial court be directed to enter a decree in favor of the defendant in conformity with the opinion herein.

It is so ordered.

All concur.