William Loftus POWERS, Appellant,

v.

Georgia M. BUCKOWITZ, Respondent.

No. 47941.

Supreme Court of Missouri,

En Banc.

June 12, 1961.

August W. Jaudes, St. Louis, for appellant Powers.

James S. Corcoran, St. Louis, Luke, Cunliff & Wilson and Paul H. Chavaux, St. Louis, for respondent Buckowitz.

BARRETT, Commissioner.

While this action originated as a partition suit, the plaintiff, William L. Powers, claiming a one-fourth interest in the property, the trial court has construed a deed and found that the defendant, Georgia M. Buckowitz, is the fee-simple owner and that the plaintiff has no title or claim to the property. Therefore, even though the action was originally a partition suit (Mack v. Mack, Mo., 281 S.W.2d 872), title to real estate is involved and jurisdiction of the appeal is in this court. Const.Mo. Art. 5, Sec. 3, V.A.M.S.; Tillman v. Melton, 350 Mo. 155, 165 S.W.2d 684; Cisel v. Cisel, Mo.App., 176 S.W.2d 839.

The controversy and the respective claims of the parties originated in these circumstances: In June 1952 Irene M. Roeckel, a widow, owned the property in St. Louis known as 201 Hill Street. On June 16, 1952, Mrs. Roeckel conveyed the property to William Boyd Barrett and he immediately executed a deed transferring the title to Mrs. Roeckel and her daughter, the defendant, Georgia M. Buckowitz. On September 2, 1952, Mrs. Roeckel married the plaintiff, Powers, and five years later, August 1957, died intestate. After Irene's death Mr. Powers instituted this action against Georgia and as a basis for his right to partition claims that when his wife died she was the owner of an undivided one-half interest in the property known as 201 Hill Street, that he and the defendant were her only surviving heirs and, therefore, by reason of the statute of descent and distribution he is the owner of a one-fourth interest in the property and entitled to have it partitioned.

The conveyance, obviously, is not to a husband and wife and Powers claims that by reason of section 442.450, V.A.M.S., "Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy," the deed to Mrs.

Roeckel and her daughter created a tenancy in common, not a joint tenancy with right of survivorship, and he contends therefore that she died owning an undivided one-half interest in the property. On the other hand, Mrs. Buckowitz claims that the conveyance created a joint tenancy with the right of survivorship, and that, since she survived her mother, she is the owner of the property. The deed is to "Irene M. Roeckel and Georgia M. Buckowitz as tenants by entirety and to the survivor of them." The grant and quitclaim is "unto the said parties of the second part, as tenants by entirety and to the survivor of them." And the habendum clause is to the parties of the second part "as tenants by entirety or survivor of them and to their heirs and assigns forever." In defense of the legal profession it should be stated that this deed was not drafted by a lawyer, the scrivener was "in the real estate and insurance business (in the daytime) and in the evening a band leader."

The statute, section 442.450, does not preclude joint tenancies or the incident of survivorship, it merely requires that the granting instrument expressly declare or by plain implication manifest the intention of the parties to create an estate with the incidence of survivorship. 48 C.J.S. Joint Tenancy § 2, p. 912; 14 Am.Jur., Sec. 12, p. 84; Holloway v. Burke, 336 Mo. 380, 79 S.W.2d 104. "No particular words of art are required to comply with these statutes; any words expressing affirmatively the intent to create a joint tenancy will suffice." 2 American Law of Property, Sec. 6.3, p. 13; annotation 46 A.L.R.2d 523, 524. Albeit, in State ex rel. Ashauer v. Hostetter, 344 Mo. 665, 670, 127 S.W.2d 697, 699, the court en banc said that the statute "makes it plain that a joint tenancy can be created in grantees or devisees, who are not executors, trustees or husband and wife, in one way only, and that is to expressly say so, by using the term 'joint tenancy.'" This particular sentence was not necessary to a determination of the case and a contemporaneous law review note points out that the opinion applies the statute

"with severity" and fails to consider or recognize, in that case, the plain intention of the testator. 5 Mo.L.R. 114, 116. The deed involved here repeatedly employs the phrase "tenants by entirety," the lay scrivener probably not realizing that such an estate can exist only between husband and wife or that this phrase standing alone is insufficient to create a joint tenancy with the right of survivorship in mother and daughter or in daughters, the point precisely involved in State ex rel. Ashauer v. Hostetter, supra. The phrase may have been employed in some colloquial sense or instead of "joint" or "jointly" and in that sense may be of some force as indicating the intention of the parties. However, contrary to the dictum of the Ashauer case, the word "jointly" is equivocal because often employed in describing ownership in common (2 American Law of Property, Sec. 3, p. 11), for instance, a conveyance to a son and daughter of "joint property" does not create a joint tenancy. Rodney v. Landau, 104 Mo. 251, 15 S.W. 962.

■ But in this deed the phrase "tenants by entirety" does not stand alone, the complete phrase, repeatedly employed, is "as tenants by entirety and to the survivor of them" or "as tenants by entirety or survivor of them." A conveyance to two or more persons, as to mother and daughter from mother, and to the survivor of them is an affirmative expression of intention to create that class or character of an estate, a joint tenancy with right of survivorship. 2 American Law of Property, Sec. 6.3, p. 14; 48 C.J.S. Joint Adventures § 3(a), pp. 816–817; annotations 69 A.L.R.2d 1058, 1059; 46 A.L.R.2d loc. cit. 532. In Hunter v. Hunter, Mo., 320 S.W.2d 529, 530, the devise was to a mother and sister "as joint tenants with the right of survivorship." And in that case the court concluded, "In our opinion, the testatrix, by the language of her will, intended to devise to her mother and her sister a joint estate for life and the survivor to take the fee." There is a critique of this opinion by Professor Eckhardt in 24 Mo.L.R. 456,[1] and he points out that there were no words of inheritance in the devise, "(Note that a fee was not expressly limited)." It should also be carefully noted that the determinative problem in Hunter v. Hunter and in the more recent decision of McClendon v. Johnson, Mo., 337 S.W.2d 77, 81, was whether there had been a severance[2] of the joint tenancies. In the latter case the deed was to a father and daughter "as joint tenants and not as tenants in common, with right of survivorship," which the court correctly said was "a literal compliance with all of the restrictive provisions thrown around the creation of a joint tenancy under § 442.450." While the case was not cited it was also a literal compliance with State ex rel. Ashauer v. Hostetter.

In addition to the phrase "as tenants by entirety and to the survivor of them" this deed also contains in the habendum clause following "or survivor of them" the words "and to their heirs and assigns forever," plainly indicating and conveying "in positive and unmistakable terms" an estate of inheritance, a joint tenancy in fee simple. McClendon v. Johnson, 337 S.W.2d loc. cit. 81–82. There were no words of inheritance in the devise to the daughters in State ex rel. Ashauer v. Hostetter, supra, and thus this case is distinguishable in part from that case even if its dictum has not been properly modified as to this particular point by Hunter v. Hunter, supra. And, incidentally, there were no words of inheritance in the devise in Hunter v. Hunter.

In summary, it was the manifest intention of the parties to create an estate in fee simple with right of survivorship in mother and daughter, and for the reasons indicated this particular instrument has "expressly declared" (V.A.M.S. § 442.450) the fact. Hunter v. Hunter, supra; McClendon v. Johnson, supra; annotations 46 A.L.R.2d

1. See also 69 A.L.R.2d loc. cit. 1058, 1062.

2. See in this connection 38 Minn.L.R. 466 and the annotation 64 A.L.R.2d 918.

519, 69 A.L.R.2d 1058. Accordingly the judgment is affirmed.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court en Banc.

All concur, except WESTHUES, J., who dissents.