*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CV-1182

WILLA V. FORD, APPELLANT,

v.

FREDERICK L. FORD, *et al.*, APPELLEES,

&

TODD & SHEPPARD PARTNERS LLC, INTERVENOR.

Appeal from the Superior Court
of the District of Columbia
(CAR-1374-12)

(Hon. Craig Iscoe, Trial Judge)

(Submitted June 12, 2014                    Decided September 4, 2014)

*James M. Loots* was on the brief for appellant.

*Darryl F. White* was on the brief for appellees.

*Carrie Frank* was on the brief for intervenor.

Before BECKWITH and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

NEBEKER, *Senior Judge*:  Appellant Willa V. Ford challenges the trial court's

order of a partition sale for the property located at 1801 Massachusetts Avenue,

Southeast, with the proceeds to be distributed evenly among Willa Ford and her four siblings, who include the three appellees.[1] On appeal, Willa Ford argues that the trial court erred in granting partition and in awarding appellees proceeds from the sale because the evidence was insufficient to demonstrate that all of the appellees were owners of the property. We affirm the order of a partition sale, but reverse the order of distribution and remand for a redetermination of who owns the property.

The trial court issued a default judgment against Willa Ford that was docketed on September 21, 2012, because she failed to respond to the complaint in the time specified. She argued for the first time at an ex parte proof hearing held on October 19, 2012, that partition should not be granted. At the hearing, however, Willa Ford also conceded that her brother's name, Frederick Ford, was on the deed to the property in addition to her name. Accordingly, because Willa Ford was not the sole owner of the property, the court did not err in ordering partition.[2] *See*

---

[1] The appellees here are Frederick L. Ford, Robert A. Ford, and Ernest B. Ford. The trial court also awarded sale proceeds to their brother, Harold Ford, after determining that all five siblings owned the property, even though Harold was not named as a plaintiff.

[2] As we have previously noted, "'the right to partition, while normally an integral part of the cotenancy form of ownership, is like most property rights subject to possible limitation by voluntary act of the parties or in its initial

(continued…)

*Arthur v. District of Columbia*, 857 A.2d 473, 487 (D.C. 2004) ("[A] cotenant enjoys a unilateral right of partition.").

The trial court's finding that all five siblings owned the property, however, was not supported by sufficient evidence in the record. In determining ownership, the trial judge relied upon two documents: (1) a 2007 "Real Property Recordation and Transfer Tax Form FP 7/C," which listed all siblings except for Robert Ford as "grantees" of the property, and (2) their mother's 1998 will, in which she indicated that she wished to leave a life estate in the property to Willa Ford, Ernest Ford, and Harold Ford, with the remainder to all five children. But the tax form is merely a tax return and, unlike a deed, it does not operate to grant or transfer title to land. Moreover, the 2002 deed to the property, which plaintiffs had attached to their complaint, indicates that the mother added Frederick Ford to the deed to establish a joint ownership before she died. Thus, Willa Ford argues on appeal that upon the mother's death in 2004, Frederick Ford became the surviving joint tenant and sole owner of the property. Therefore, the property was no longer subject to the mother's will and could not be inherited by the other siblings. *See Gallimore v. Washington*, 666 A.2d 1200, 1203-04 (D.C. 1995) ("[U]pon the death of one of

---

(…continued)
creation.'" *Arthur*, 857 A.2d at 487 (quoting *Carter v. Carter*, 516 A.2d 917, 921 (D.C. 1986)). But we see no such limitation in this case.

two joint tenants, there is no transfer of the decedent's future interest to the survivor; rather, the future interest of the deceased ceases to exist, the threat of severance by the other joint tenant is eliminated, and the present interest of the surviving joint tenant in the whole property becomes exclusive." (citation omitted)). Willa Ford also includes in the record on appeal the probate docket for her mother's will, to support the argument that her siblings did not inherit the property because it was not part of the probate proceedings. The record shows that Frederick Ford then added Willa Ford – but no one else – to the deed as a joint owner in 2007.

Although Willa Ford did not present this line of argument to the trial court, the 2002 and 2007 deeds were part of the record, and because the mother added Frederick Ford's name to the deed, the tax form and will which the trial judge relied upon are insufficient to establish ownership. Accordingly, we reverse the order of distribution and remand for redetermination of the ownership of the property.[3]

---

[3] On appeal, Willa Ford also asserts that the trial court erred in failing to dismiss the case under Superior Court Rule 4 (m) for failure to prove service within 60 days of filing the complaint. Plaintiffs filed their complaint on February 14, 2012, and on March 6, 2012, filed an affidavit stating that the summons had been mailed to Willa Ford. The signature on the return receipt, however, had been crossed out and the word "REFUSED" had been written on the receipt. On April

(continued…)

The trial court's order is therefore

*Affirmed in part and reversed in part.*

---

(…continued)
19, 2012, the trial court denied default against Willa Ford pursuant to Rule 55 (a), and directed the plaintiffs to "[f]ile a motion for approval of service" by May 24, 2012.  Plaintiffs' then-counsel later filed a motion to withdraw as counsel on May 2, 2012, following which the trial judge ordered a hearing on the motion to be held on May 25, 2012.  At the hearing, the trial judge noted that the summons had not been properly served and granted the plaintiffs 30 additional days to effect service. Plaintiffs then filed an affidavit of service on June 5, 2012, which stated that Willa Ford had been served on June 3, 2012.  Although failure to prove service within 60 days typically results in automatic dismissal of the case under Rule 4 (m), the trial court "shall" extend the 60-day time period if warranted by the circumstances, and may also vacate dismissal within 14 days upon a showing of good cause under Rule 41 (b).  Accordingly, the trial judge through its April 19 and May 25 orders properly extended the time period for plaintiffs to effect and prove service.