*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-PR-0338

IN RE ESTATE OF JAMES HAMILTON; APPELLANT.

Appeal from the Superior Court
of the District of Columbia
(2021-ADM-001066)

(Hon. Erik P. Christian, Probate Judge)

(Submitted June 16, 2023)                    Decided August 10, 2023)

*Kellee G. Baker* for appellant.

*Charles L. Wardell* for appellee Estate of Eric Hamilton.

*Joyce Ann Williams* for appellee Shirley Plummer.[1]

*Morris R. Battino*, with whom *Aaron G. Sokolow* and *Peggy A. Marquardt* were on the Statement in Lieu of Brief for Intervenor/Appellee Torus Solutions, LLC, adopting the arguments of appellee Estate of Eric Hamilton.

*Farid Malik Hakim*, *pro se*.[2]

Before ALIKHAN and SHANKER, *Associate Judges*, and FISHER, *Senior Judge*.

---

[1] Appellee Shirley Plummer did not file a brief on appeal.

[2] Appellee Farid Malik Hakim did not file a brief on appeal.

ALIKHAN, *Associate Judge*: Before he passed away, James Hamilton attempted to convey a property located at 1231 V Street, SE, to his son, Eric Hamilton, and himself "as tenants by the entirety, their assigns and unto the survivor of them, and the survivor's personal representatives and assigns." A tenancy by the entirety is not legally possible between a father and son, because it is an ownership status reserved exclusively for married couples and domestic partners. D.C. Code § 42-516(c). After James Hamilton's death, the probate court acknowledged this misstep and interpreted the deed as one creating a joint tenancy with a right of survivorship, reasoning that such an interpretation best effectuated James Hamilton's intent, as expressed through the language of the deed purporting to create a tenancy by the entirety and separately mentioning survivorship rights. Under this interpretation, the probate court determined that Eric Hamilton had become the sole owner of the property after James Hamilton's death. James Hamilton's estate has now appealed, primarily arguing that the probate court incorrectly relied on James Hamilton's intent when interpreting the deed and that D.C. Code § 42-516(a) should control the deed's interpretation. We disagree and affirm.

## I.    Legal Framework

There are three types of concurrent real property ownership authorized in the District of Columbia that are relevant here. *See id.* § 42-516. First, a "tenancy in common" is a "tenancy by two or more persons, in equal or unequal undivided

shares . . . [with] no right of survivorship." *Tenancy in Common*, Black's Law Dictionary (11th ed. 2019). When a tenant in common dies, the deceased's ownership shares in the property become part of the deceased's estate, rather than being distributed among the other tenants in common. *See OneWest Bank, FSB v. Marshall*, 18 A.3d 715, 718, 724 (D.C. 2011).

Next, a "joint tenancy," sometimes referred to as a "joint tenancy with right of survivorship," is a "tenancy with two or more co[-]owners who are not spouses on the date of acquisition and have identical interests in a property with the same right of possession." *Joint Tenancy*, Black's Law Dictionary (11th ed. 2019). Importantly, a "joint tenancy differs from a tenancy in common because each tenant has a right of survivorship to the other's share." *Id.* Thus, "upon the death of one of two joint tenants . . . the present interest of the surviving joint tenant in the whole property becomes exclusive." *Gallimore v. Washington*, 666 A.2d 1200, 1203-04 (D.C. 1995). In the District, an "estate granted or devised to 2 or more persons . . . shall be a tenancy in common, unless expressly declared to be a joint tenancy." D.C. Code § 42-516(a).

Finally, a "tenancy by the entirety" is "essentially a joint tenancy, modified by the common-law theory that husband and wife are one person." *In re Wall's Estate*, 440 F.2d 215, 217 (D.C. Cir. 1971) (quoting *Settle v. Settle*, 8 F.2d 911, 912

(D.C. Cir. 1925)). It "may be created in any conveyance of real property to spouses or to domestic partners." D.C. Code § 42-516(c).

## II. Factual Background and Procedural History

James Hamilton and his wife, Viola Hamilton, held title to the V Street property as tenants by the entirety until her death in 2007, at which point James Hamilton became the sole owner. Five years later, James Hamilton added his son, Eric Hamilton, to the deed as co-owner of the property. The deed reads:

> This Deed, made this 25th day of April, 2012, by and between James Hamilton, surviving Tenant by the Entirety of Viola E. Hamilton who departed this life on or about August 27, 2007, party of the first part, and James Hamilton and Eric L. Hamilton, parties of the second part.
>
> WITNESSETH, that in consideration of the sum of No and 00/100 Dollars ($.00), the party of the first part does hereby grant unto the parties of the second part, in fee simple, *as tenants by the entirety, their assigns and unto the survivor of them, and the survivor's personal representatives and assigns*, all that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate[d] in the District of Columbia, described as follows, to wit: . . . .

James Hamilton passed away in 2020. At the time of his death, he had three children: Eric Hamilton, Shirley Plummer, and Farid Malik Hakim. Ms. Plummer is the personal representative of James Hamilton's estate. Eric Hamilton passed

away one year later, and his only daughter, Givonshy Smith, is the personal representative of his estate.

In September 2021, Eric Hamilton's estate, believing that it was the sole owner of the V Street property, entered into a contract to sell the property to Torus Solutions, LLC.[3] In response, James Hamilton's estate filed this action in the Probate Division of the Superior Court of the District of Columbia to determine the true owner of the property. James Hamilton's estate argued that, because a tenancy by the entirety is not possible between a father and son, the property had actually been conveyed to James Hamilton and Eric Hamilton as tenants in common. Thus, in its view, upon James Hamilton's death in 2020, his half-share of the property had passed to his estate, rather than solely to Eric Hamilton. In support of its argument, James Hamilton's estate claimed that in the District, there is a presumption against the creation of a right of survivorship. Specifically, it asserted that D.C. Code § 42-516(a) requires that a joint tenancy be expressly declared and that James Hamilton had not included such a declaration in the deed.

In response, Eric Hamilton's estate acknowledged that a father and son cannot be tenants by the entirety because such an arrangement is reserved for married

_____

[3] Torus Solutions, LLC, intervened in this action. It relies on Eric Hamilton's estate's brief on appeal.

couples and domestic partners. *Id.* § 42-516(c). Primarily relying on *Coleman v. Jackson*, 286 F.2d 98 (D.C. Cir. 1960), it asked the court to construe the deed as creating a joint tenancy with a right of survivorship between James Hamilton and Eric Hamilton, arguing that such an arrangement would best effectuate James Hamilton's intent. In its view, Eric Hamilton had become the sole owner of the property upon the death of James Hamilton, and, upon Eric Hamilton's death, the property had become part of his estate.

In April 2022, the probate court ruled in favor of Eric Hamilton's estate. It determined that under *Coleman* and *Robinson v. Evans*, 554 A.2d 332 (D.C. 1989), the proper way to resolve the dispute was to determine and effectuate James Hamilton's intent. It found that the language in the deed "indicated an intent to create survivorship," and that this intent would be best carried out by treating the deed as one creating a joint tenancy with a right of survivorship. The court also reasoned that if James Hamilton had wanted each of his children to have an ownership interest in the property after his death, he would have named all three in the deed. James Hamilton's estate sought a timely appeal.

### III.   Discussion

The central question in this appeal is how to construe a deed that purports to create a tenancy by the entirety between two parties who cannot hold property in

that manner. James Hamilton's estate argues that the probate court should have applied D.C. Code § 42-516(a) to construe the deed as creating a tenancy in common, while Eric Hamilton's estate defends the probate court's decision to effectuate James Hamilton's intent. We conclude that the probate court correctly looked to James Hamilton's intent in construing the deed and appropriately determined that James Hamilton had intended to convey his property to Eric Hamilton with a right of survivorship.

### A. The Probate Court Correctly Looked to James Hamilton's Intent

"The interpretation of deeds, like contracts, is a legal question that we review de novo." *Sears v. Catholic Archdiocese of Wash.*, 5 A.3d 653, 660 (D.C. 2010) (italics omitted). "We interpret contracts and deeds under the 'objective' law of contracts," so "the written language . . . 'governs the rights and liabilities of the parties, regardless of the intent of the parties . . . unless the written language is not susceptible of a clear and definite understanding, or unless there is fraud, duress, or mutual mistake.'" *Sahrapour v. LesRon, LLC*, 119 A.3d 704, 708 (D.C. 2015) (brackets omitted) (quoting *DSP Venture Grp. v. Allen*, 830 A.2d 850, 852 (D.C. 2003)). Where it is not possible to give effect to the language as written, we

look to the parties' intent. *Coleman*, 286 F.2d at 103; *Robinson*, 554 A.2d at 338-39.[4]

*Coleman* and *Robinson* all but dictate the outcome in this case.[5] In *Coleman*, an unmarried couple purchased a property as tenants by the entirety, creating a legal impossibility. 286 F.2d at 99. To interpret the deed, the court looked to the "intention of survivorship [that] manifested in the deed" as creating a joint tenancy with a right of survivorship. *Id.* at 103. Similarly, in *Robinson*, an unmarried couple—each of whom was potentially married to someone else—purchased a home as tenants by the entirety. 554 A.2d at 333. After a dispute arose, the trial court did

---

[4] The *Coleman* and *Robinson* courts did not specify whether the deeds were "ambiguous," created in "mutual mistake," or both. In either case, however, James Hamilton's intent controls the outcome here. *See Sahrapour*, 119 A.3d at 708. A "[deed] is ambiguous when, and only when, it is, or the provisions in controversy are, reasonably or fairly susceptible of different constructions or interpretations, or of two or more different meanings." *Tillery v. D.C. Cont. Appeals Bd.*, 912 A.2d 1169, 1176 (D.C. 2006) (quoting *Burbridge v. Howard Univ.*, 305 A.2d 245, 247 (D.C. 1973)). When a deed is ambiguous, "the intent and understanding of the parties is of critical importance." *Howard Univ. v. Lacy*, 828 A.2d 733, 737 (D.C. 2003). A mutual mistake occurs when "both parties believ[e] an extrinsic fact to be true which in fact is erroneous." *Isaac v. First Nat'l Bank of Md., D.C.*, 647 A.2d 1159, 1162 n.8 (D.C. 1994). "[W]here an agreement has been reached by the parties but the writing does not accurately express the mutual agreement of the parties . . . reformation is appropriate." *Id.* at 1162 n.9. "Reformation is . . . designed to remedy a mistake as to expression, where there is a . . . *mistake as to the legal effect of the language*." *Id.* at 1163 n.10 (emphasis added).

[5] *Coleman* is binding on us as a D.C. Circuit decision issued before February 1, 1971. *See M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971).

not consider the parties' intent, treated the parties as tenants in common, and ordered the sale of the property in lieu of partition—a remedy not available unilaterally to a single party to a tenancy by the entirety or joint tenancy. *Id.* at 333-34, 338. Citing *Coleman*, we remanded for a determination of the parties' intent given that the deed had specified a tenancy by the entirety. *Id.* at 338-39. In so doing, we noted that "[i]n the District of Columbia it is settled law that if a conveyance to two parties as tenants by the entireties cannot take effect because the parties are not husband and wife, then they take title as joint tenants." *Id.* at 338 n.18. Thus, in both cases, when faced with a deed creating an impermissible tenancy by the entirety, the court examined whether the parties intended to create a right of survivorship in order to decide whether to construe the deed as creating a joint tenancy or a tenancy in common.[6]

James Hamilton's estate attempts to confine *Coleman* and *Robinson* to "cases where domestic partners . . . could have legally deeded property as tenants by the entirety but for a legal requirement of registration, or a civil or religious ceremony,"

---

[6] Courts in other jurisdictions have also looked to the intent of the parties when faced with an impermissible tenancy by the entirety. *See, e.g.*, *Wood v. Wood*, 571 S.W.2d 84, 85-86 (Ark. 1978) (citing *Coleman*); *Powers v. Buckowitz*, 347 S.W.2d 174, 176 (Mo. 1961) (en banc); *Hundley v. Neely*, 365 P.2d 196, 198 (Wyo. 1961); *Beaton v. LaFord*, 261 N.W.2d 327, 328-29 (Mich. Ct. App. 1977) (per curiam); *Crawley v. Shelby*, 323 N.Y.S.2d 222, 223 (N.Y. App. Div. 1971); *Frederick v. Southwick*, 67 A.2d 802, 805 (Pa. Super. Ct. 1949).

and it argues that they do not apply here because "there is no legal process by [which] a father and son could qualify as husband and wife or domestic partners." While *Coleman* and *Robinson* both concerned unmarried couples, there is nothing in the cases' reasoning to suggest that their holdings were limited to parties that could potentially enter into tenancies by the entirety had they taken proper steps to become spouses or domestic partners. Indeed, it would be curious for *Robinson* to be read in such a way, when both parties were potentially married to *other* people (which would prevent them from legally marrying each other) when they attempted to create a tenancy by the entirety.

What is more, when confronting a purported tenancy by the entirety between a parent and child, the Missouri Supreme Court adopted reasoning identical to *Coleman* and looked at the parties' intent to establish a right of survivorship to interpret the deed as creating a joint tenancy. *Powers v. Buckowitz*, 347 S.W.2d 174, 176 (Mo. 1961) (en banc). In *Powers*, a property was conveyed to a mother and daughter "as tenants by entirety and to the survivor of them." *Id.* at 175. After recognizing the legal impossibility of a tenancy by the entirety between a mother and daughter, the court determined that "it was the manifest intention of the parties to create an estate in fee simple with right of survivorship in mother and daughter"

and, accordingly, it interpreted the deed as creating a joint tenancy with a right of survivorship. *Id.* at 176. We see no reason to take a different approach.[7]

James Hamilton's estate also argues that D.C. Code § 42-516(a) controls over James Hamilton's intent.[8] Section 42-516(a) provides the default rule that "[e]very estate granted or devised to 2 or more persons in their own right, including estates granted or devised to spouses or domestic partners . . . shall be a tenancy in common, unless expressly declared to be a joint tenancy." James Hamilton's estate contends that because the language of the deed expressed an intent to create a tenancy by the entirety, and not a joint tenancy, it should default to a tenancy in common under Section 42-516(a). But this statute was on the books, albeit in a different place in the D.C. Code, when *Coleman* was decided. *See* 286 F.2d at 100 (considering the application of D.C. Code § 45-816 (Supp. V, 1951 ed.), which provided that "[e]very estate granted or devised to two or more persons in their own right, including estates

---

[7] James Hamilton's estate argues that the legal impossibility of a tenancy by the entirety between a father and son is a basis to sever the habendum clause, resulting in the default tenancy in common. But "[t]he parties' intention to make a contract severable must be clearly expressed in the agreement." *RDP Dev. Corp. v. Schwartz*, 657 A.2d 301, 307 n.7 (D.C. 1995). The current deed does not include such a provision; therefore, the deed cannot be severed.

[8] Eric Hamilton's estate asserts that this argument—among several others—is forfeited. With the exception of one, *see infra* n.9, James Hamilton's estate's arguments are properly before us either because they were raised in the probate court or because they are arguments in support of a claim that was properly presented. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992).

granted or devised to husband and wife, shall be a tenancy in common, unless expressly declared to be a joint tenancy"). The *Coleman* court interpreted the statute as creating "a presumption in favor of tenancy in common," but "only when there is no expression to the contrary in the conveyance." *Id.* And it concluded that the presumption had been rebutted by the parties' attempt to create a tenancy by the entirety. *Id.*; *see id.* at 102 ("What the parties intended in this case is clear if we accept the words of the conveyance as representing the intention of the parties."). That conclusion makes good sense, given that a "tenancy by entiret[y] is essentially a joint tenancy" and the right of survivorship is a key feature of both. *Id.* at 103 (quoting *Settle*, 8 F.2d at 912). *Coleman* thus forecloses the argument that the deed must bear the specific words "joint tenancy" to rebut the presumption in Section 42-516(a).[9]

---

[9] James Hamilton's estate suggests that the lack of consideration for this deed is "significant" to our interpretation of it. The estate did not raise this argument in the probate court and it is therefore forfeited. *Chatman v. Lawlor*, 831 A.2d 395, 404 (D.C. 2003) ("Appellant's failure to make this argument below precludes her from doing so on appeal."). But even if the argument had been preserved, it fails to persuade. Parties may add others as joint tenants through a gift. *See, e.g.*, *Ford v. Ford*, 98 A.3d 1008, 1010 (D.C. 2014) ("[T]he 2002 deed to the property . . . indicates that the mother added [her son] to the deed to establish a joint ownership before she died."). And we have used ordinary contract interpretation methods to interpret deeds not supported by consideration. *See Joyner v. Estate of Johnson*, 36 A.3d 851, 857 (D.C. 2012). The lack of consideration here thus does not affect our analysis.

**B.     The Probate Court Properly Gave Effect to James Hamilton's Intent**

Having concluded that it was appropriate for the probate court to look to James Hamilton's intent, we turn next to the court's conclusion that his intent would be best effectuated by construing the deed as one creating a joint tenancy with a right of survivorship.

Again, we agree.  The deed granted the property to James Hamilton and Eric Hamilton "in fee simple, as tenants by the entirety, their assigns and unto the survivor of them, and the survivor's personal representatives and assigns."  The specification of a tenancy by the entirety is "an expression of intent that the court cannot ignore." *Coleman*, 286 F.2d at 102.  Indeed, in *Coleman*, the use of "tenancy by [the] entiret[y]" was alone sufficient to demonstrate an intent to create a joint tenancy. *Id.* at 103; *accord Wood v. Wood*, 571 S.W.2d 84, 85 (Ark. 1978) (reliance on "tenants by entirety" as creating a joint tenancy with a right of survivorship); *Bove v. Bove*, 149 A.2d 67, 68-69 (Pa. 1959) (same).

If more support were necessary, this deed supplies it.  Beyond the use of "tenants by the entirety," the deed conveys the property to "the survivor's personal representatives and assigns."  Other courts have relied on similar language as creating a joint tenancy with a right of survivorship. *See, e.g.*, *Powers*, 347 S.W.2d at 175 ("as tenants by entirety and to the survivor of them"); *Hundley v. Neely*, 365

P.2d 196, 196 (Wyo. 1961) ("his wife, or the survivor of them"); *Michael v. Lucas*, 137 A. 287, 287 (Md. 1927) ("his wife, as tenants by the entireties, the survivor of them, his or her personal representatives and assigns").

James Hamilton's estate argues that James Hamilton was a handyman and could not have understood the content of the deed; therefore, it is impossible to discern his intent. Beyond speculation, his estate does not provide any evidence to support that claim, and thus all there is to discern James Hamilton's intent is the language of the deed. Further, nothing in *Coleman* or *Robinson* suggests that the parties involved had sophisticated legal knowledge, yet both courts discerned the intent of the parties from the language of the deed alone. Accordingly, as did the probate court, we conclude that the use of "tenan[cy] by the entirety, their assigns and unto the survivor of them, and the survivor's personal representatives and assigns" indicates James Hamilton's intent to create a right of survivorship. The probate court thus properly interpreted the deed as creating a joint tenancy between James Hamilton and Eric Hamilton. *See Coleman*, 286 F.2d at 102. After James Hamilton's death, Eric Hamilton became the sole owner of the property. And after Eric Hamilton's death, the property passed to his estate.

## IV.    Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed.

*So ordered.*