Walter BUCKLEY, Respondent,

v.

James Lee BUCKLEY, et al., Appellants.

No. WD 35291.

Missouri Court of Appeals, Western District.

Nov. 6, 1984.

Robert E. Douglas of Brown, Douglas & Brown, St. Joseph, for appellants.

Ronald S. Reed, Jr. of Morton, Reed & Counts, St. Joseph, for respondent.

Before TURNAGE, C.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a civil action seeking quiet title, partition, and an accounting. The judgment is reversed and the cause remanded.

The case was tried upon a stipulation of facts to the trial court. While two points are formally presented to this court, they can and are, for purposes of the disposition of this appeal, combined into one point, which charges that the trial court, in entering judgment for respondent, erroneously interpreted the will of Carrie Ann Grissinger.

In summary, the facts are as follows.

Carrie Ann Grissinger died on or about October 3, 1957. At her death, she possessed the fee simple in a farm consisting of some 215 acres in Andrew County, Missouri. She left a last will and testament with codicil. She was survived by her husband, Oakey Grissinger, and two sons, Willis Buckley and Homer Buckley. In her will, Carrie Grissinger devised the 215-acre farm as follows:

3. I give and devise unto my husband, Oakey M. Grissinger, all of my real estate to have and to hold for and during his natural life, and at his death said real estate shall go to my two sons, Homer

James Buckley and Willis Adelbert Buckley, for and during their natural life, and during the life of the survivor thereof; and on the death of the survivor thereof said real estate shall go to the children of Homer James Buckley and Willis Adelbert Buckley, share and share alike, in fee simple.

Oakey Grissinger, the first life tenant, died on May 17, 1982, surviving both Homer Buckley (who died in 1962), and Willis Buckley (who died in 1977). At his death, Homer Buckley had two sons, Walter Buckley and Maurice Buckley. Walter Buckley is respondent herein, and Maurice Buckley is the father of James Lee Buckley and husband of appellant Hazel Buckley. Maurice Buckley died intestate in 1975 and was survived by appellants. Willis Buckley died leaving neither a spouse nor children.

From the foregoing facts, the trial court herein ruled Walter Buckley to be the sole owner in fee simple of the 215-acre tract.

Appellants assert that the ruling of the trial court affixing the entire fee in Walter Buckley and the awarding of all the 1982 landlords' net share of crop income to Walter Buckley was erroneous, because at the death of Carrie Grissinger, the original testatrix, title to the fee vested in Walter Buckley and Maurice Buckley, and upon the death of Maurice Buckley, his interest passed to appellants who are his surviving spouse and son.

The trial court concluded that title to the fee did not vest until the death of the survivor of Homer Buckley and Willis Buckley, or until the death of the original life tenant, Oakey Grissinger. The trial court erroneously declared and applied the law requiring reversal herein.

In *Gardner v. Vanlandingham*, 334 Mo. 1054, 69 S.W.2d 947, 950 (1934), the Missouri Supreme Court held that the vesting of estates is favored, so unless a testator has, by clear words, manifested an intent to the contrary, the persons who take under the will, as members of a designated class, must be determined at the time of the

death of the testator and the estates given to them vest at that time.

■ Reference to the above clause of Carrie Grissinger's will discloses the phrase, "to the children of Homer James Buckley and Willis Adelbert Buckley." This wording created a class composed of said children and the interests of those children vested at the time of death of Carrie Grissinger. *Gardner, supra.* There is not to be found any words to the contrary within the will of Carrie Grissinger and the law favors vesting. *Gardner, supra. See also Uphaus v. Uphaus,* 315 S.W.2d 801, 804 (Mo.1958).

■ The vested interests established by the will of Carrie Grissinger were subject to the laws of descent and distribution in the absence of any wills executed by the takers under the will of Carrie Grissinger. 26A C.J.S. § 8 *Descent and Distribution* at 533 (1956). Therefore, the vested remainder held by Maurice Buckley passed at his death to Hazel Buckley, his surviving wife and his son, James Lee Buckley (appellants herein) by descent. *Williams v. Reid,* 37 S.W.2d 537 (Mo.1931).

■ For clarification, it should be noted that the phrase "share and share alike" declared in the will of Carrie Grissinger *did not* create a joint tenancy which includes the right of survivorship. Section 442.450, RSMo 1978 declares that every interest in land devised to two or more persons shall be a tenancy in common unless *it is expressly declared to be a joint tenancy. See also Powers v. Buckowitz,* 347 S.W.2d 174 (Mo. banc 1961). There is no *express* declaration of joint tenancy in the will of Carrie Grissinger.

The judgment herein is reversed and this cause is remanded with specific directions to the circuit court to conduct further proceedings for the express and limited purpose of determining the specific interest in the fee title and the landlords' net share of income for the year 1982 and all subsequent years as between the appellants and respondent.

All concur.